DIVISION OF EMPLOYMENT SECURI-
TY, State of Missouri, Respondent,

v.

John WEAVER, Appellant.

No. WD 31695.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1981.

Walter K. Disney, Kansas City, for appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

John Weaver was found guilty of civil contempt and the court assessed a fine of $1,000 payable to the court administrator of Jackson County. On this appeal[1] Weaver attacks the underlying order he disobeyed, contends he was entitled to a jury trial, states the contempt order did not recite the facts and alleges the punishment is not appropriate for civil contempt. Affirmed in part and reversed in part.

In September, 1979, Weaver, as president of Kansas City Plastic Laminating Company, was served with a subpoena duces tecum by the Division of Employment Security to appear before the Division and to produce all payroll records, books, papers and memoranda showing wages paid or payable by the Company for the period from January 1, 1977 to December 31, 1978, in connection with the administration of the Employment Security Law. Section 288.-230, RSMo 1978. Weaver failed to comply with the subpoena nor did he appear. The Division thereafter filed an application in circuit court for an order requiring Weaver to appear and produce the same records. Section 288.380.8. Weaver, through counsel, resisted the issuance of any order for him to appear and produce records, but the court eventually ordered Weaver to appear and produce the requested records on February 2, 1980. Weaver and his attorney appeared at the Division offices that day but did not produce any records even though they pointed to a shopping bag which Weaver was carrying and said the records were in it. The apparent reason for Weaver's refusal to produce the records is his refusal to accept the fact that he could be compelled to produce any of his payroll records.[2]

Thereafter the Division filed a motion with the circuit court to hold Weaver in contempt for failure to obey the court's order to produce the records. Although given notice of the hearing on the motion to hold him in contempt, Weaver filed no responsive pleadings. Neither Weaver nor his attorney appeared at the hearing. The court heard evidence demonstrating Weaver's failure to obey the court's order. Thereupon the court entered an order in which the facts concerning the issuance of the order and Weaver's failure to comply were set out. The court found Weaver guilty of civil contempt[3] and ordered him to pay a fine of $1,000 to the court administrator. The court allowed Weaver ten days in which to pay the fine, but made no provision for remission in the event Weaver complied with the order.

■ Weaver first challenges the propriety of the order requiring him to appear

1. Appeal in civil contempt is the appropriate method of review. *Teefey v. Teefey*, 533 S.W.2d 563, 566[4] (Mo.banc 1976).

2. Weaver's reasons for believing he did not have to comply with the subpoena appear much the same as those addressed in *City of Kansas City v. Carter*, 610 S.W.2d 104, and found to be without merit. Since the records here involved were corporate records, the immunity provided in § 288.230.2 would not apply as pointed out in *Carter*.

3. No question is presented as to whether this is civil or criminal contempt. Section 288.380.8 provides the failure to comply with a court order shall be punished as a contempt. Under the definition in *Teefey, supra*, at 565–6 the court was correct in terming this as civil contempt.

before the Division and produce payroll records because the Division had no need for the records but was engaged only in a fishing expedition.[4] In its order the court specified that such order was final and appealable but Weaver took no appeal from that order. Nor has Weaver demonstrated that the issuance of such order was improper under *Matter of Hein*, 584 S.W.2d 631 (Mo. App.1979) which discusses the power of the Division to issue subpoenas and the right of the court to enforce them. Under the holding in *Hein* the issuance of the subpoena and the enforcement of that subpoena by the circuit court through its order was proper.

■ Weaver also contends he was entitled to a jury trial although he did not appear at the contempt hearing. In any event, there is no jury trial allowed in contempt proceedings. *State v. Coleman*, 347 Mo. 1238, 152 S.W.2d 640, 645–6[3, 4] (banc 1941); *Osborne v. Purdome*, 244 S.W.2d 1005, 1012–13[10] (Mo.banc 1951).

■ Weaver also contends that the order of contempt did not set forth the facts constituting the contempt. The order fully set out the facts as it was required to do. *Ex Parte Brown*, 530 S.W.2d 228 (Mo.banc 1975).

Weaver further contends the Division did not produce any evidence to demonstrate its monetary loss to support the fine of $1,000. Weaver also attacks the fine of $1,000 as being improper. In this contention he is correct.

■ In civil contempt the object of punishment is remedial to coerce compliance with the court's order. On the other hand, punishment for criminal contempt is punitive. The assessment of a $1,000 fine carries only a punitive character when it is unrelated to the performance sought. A fine levied as punishment for a civil contempt "is per diem and continues only as long as the contemnor disobeys the court's order." *Chemical Fireproofing Corp. v. Bronska*, 553 S.W.2d 710, 715[7] (Mo.App. 1977). See also *McNealey v. Rouse*, 264 S.W. 383 (Mo.banc 1924). Further, as indicated in *Chemical Fireproofing*, the amount of the fine in a civil contempt should bear some relation to the damages suffered by the party to whom the contemnor has defaulted. In this case there was no evidence to indicate the amount of damages the Division may have suffered by the failure of Weaver to obey the court's order. Further, if the punishment assessed is a fine, then such fine should be paid to the Division and not to the court administrator. *Chemical Fireproofing, supra.*

■ Likewise, imprisonment as a penalty for civil contempt is for an indeterminate term and until the contemnor decides to comply with the court's order. For that reason it has been said," 'he carries the keys of his prison in his own pocket.' " *Odom v. Langston*, 213 S.W.2d 948, 952 (Mo.banc 1948).

The judgment adjudging Weaver to be in contempt is affirmed. That part of the judgment assessing a fine of $1,000 is reversed because an outright fine is not appropriate as punishment for civil contempt. This cause is remanded for the court to reconsider the punishment and impose such sentence as is proper for civil contempt as discussed herein. *Nilva v. United States*, 352 U.S. 385, 77 S.Ct. 431, 438[9], 1 L.Ed.2d 415 (1957); *Teefey, supra*, at 567.

All concur.

4. Actually it is improper in a contempt proceeding to challenge the underlying order Weaver disobeyed because this constitutes a prohibited collateral attack on such order. *Mechanic v. Gruensfelder*, 461 S.W.2d 298, 308[9–11] (Mo.App.1970); 17 C.J.S. Contempt, § 124(1), p. 332.