**Patricia Louise REDIFER, a/k/a Patricia Louise Reilly, Appellant,**

v.

**John Allen REDIFER, Respondent.**

No. 46034.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 5, 1983.

Michael P. Bastian, Clayton, for appellant.

Edward J. Grewach, Troy, for respondent.

REINHARD, Judge.

Wife appeals from a judgment of contempt for violation of the child custody provisions of the parties' dissolution decree.

On June 24, 1982, husband filed a motion for contempt alleging wife had violated the child custody provisions of the 1978 dissolution decree by refusing to give him temporary custody of the child as required by the decree. Upon wife's motion, the acting presiding judge disqualified himself from hearing the contempt motion and on the same day assigned the case to an associate circuit judge. The 11th Judicial Circuit, where this case was filed, has four circuit judges. The associate circuit judge adjudged wife to be in contempt of court because she had violated the dissolution decree. The court sentenced wife to pay a fine and to a jail term, but suspended execution of sentence on the condition that wife comply with the court's order regarding temporary custody. The court also ordered wife to pay husband's attorney's fees and the costs.

On appeal, wife first contends that the trial court lacked jurisdiction over the case because the acting presiding judge, having disqualified himself, failed to refer the case to the chief justice of the Missouri Supreme Court for reassignment, in accordance with § 478.255, Laws of Missouri, 1979, 625 (amended version § 478.255, RSMo.Supp. 1982), which was in effect at the time husband filed his motion for contempt.

■ Rule 51.05, which was also in effect at the time of the motion and hearing, provides in part:

(e) Upon the presentation of a timely application for change of judge, the judge shall promptly sustain the application and:

. . . . .

(2) in a circuit in which there are two or more judges the judge shall transfer the civil action to another judge in the same circuit, or shall call in another judge as authorized by Article V, § 15, of the Constitution, or shall request this Court to transfer a judge.

The new constitution, which became effective after the adoption of this rule, provides for associate circuit judges. After the effective date of the new constitution, the legislature enacted the version of § 478.255 which was in effect at the time of the trial and which provides in part:

2. When a presiding judge elects to hear and determine a case but subsequently is disqualified, he is disqualified for all purposes and the chief justice of the supreme court shall assign a competent judge to hear and determine the case.[1]

Art. V, § 5 of the Missouri Constitution gives the legislature the power to amend or annul a rule by a law limited to that purpose, but we find § 478.255, Laws of Missouri, 1979, 625, was not a law limited to the purpose of amending or annulling Rule 51.05. Therefore, Rule 51.05 applied, and the circuit judge had authority to assign the case to the associate circuit judge, and the associate circuit judge had jurisdiction to hear the case.

---

1. § 478.255.3, RSMo.Supp.1982, now provides an exception to this provision for circuits with four or fewer circuit judges.

In her second point, wife contends the contempt judgment is void because husband failed to show that he complied with Rule 74.33 and § 511.340, RSMo. 1978, by serving a certified copy of the dissolution decree on her before he filed his contempt motion. This point is without merit. The obvious purpose of both Rule 74.33 and § 511.340, RSMo. 1978, is to insure that a party is fully informed of a court order before being held in contempt for violating that order. *White v. Held,* 269 S.W.2d 125, 127–28 (Mo.App.1954). In this case, wife clearly had notice of the child custody provisions of the dissolution decree because she signed the separation agreement which contained those provisions and which was incorporated into the dissolution decree. Further, she was served with a certified copy of the decree before the court entered its order of contempt. "[S]he cannot be heard to say that she was deprived of any rights . . . as she knew of its terms and was served with a certified copy of it prior to being held in contempt . . ." *Id.* at 128.

In her third point, wife contends, "there was not substantial evidence of record of contumacious conduct because there was insufficient evidence that the appellant willfully disobeyed an order which was so specific as to leave no reasonable doubt as to its meaning." We have carefully reviewed the dissolution decree and the evidence, and we conclude this point is without merit.

However, we note the court imposed an inappropriate sentence on wife. The court sentenced her to pay a fine of $500.00 and to a term of 15 days in the county jail. Civil contempt is remedial in nature. It provides a coercive means of compelling one party to deliver or perform the relief granted to the other party. *Teefey v. Teefey,* 533 S.W.2d 563, 566 (Mo. banc 1976). We find the court adjudged wife to be in civil contempt rather than criminal contempt and that it sentenced her to jail and to pay a fine in order to compel her to comply with the court's order. That the court's judgment was one of civil contempt was indicated by the court's suspending execution of the sentence to give wife the opportunity to purge the contempt. A civil contemnor may only be sentenced to an indeterminate jail term that expires when she decides to comply with the court's order. *Division of Employment Security v. Weaver,* 614 S.W.2d 729, 731 (Mo.App.1981). Similarly, an outright fine is not appropriate for civil contempt. Only a per diem fine that expires when the contemnor complies with the court's order is proper. *Id.* The sentence set by the court was clearly inappropriate.

The portion of the order adjudging wife to be in contempt is affirmed, but the portion of the order setting the sentence is reversed. This cause is remanded for the court to impose a sentence in conformity with the law as discussed herein.

Affirmed in part; reversed and remanded in part.

CRANDALL, P.J., and CRIST, J., concur.