Lenna Pauline ANGELL, Respondent,

v.

Robert Lee ANGELL, Appellant.

No. WD 34762.

Missouri Court of Appeals,
Western District.

May 29, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied July 31, 1984.

Application to Transfer Denied Sept. 11, 1984.

Roy W. Brown, Bruce B. Brown, Kansas City, for appellant.

J.W. Roberts, St. Joseph, for respondent.

Before TURNAGE, C.J., and SHANGLER and NUGENT, JJ.

TURNAGE, Chief Judge.

This appeal arises from a dissolution of a marriage which Lenna Angell obtained from Robert Angell. The court ordered the marriage dissolved and divided the property. While the dissolution was pending the court issued an order excluding Robert from the family home and restraining him from dealing with, disposing of, or concealing any marital property. Within the time allowed by law the court entered an amended judgment in the dissolution, and also entered a judgment holding Robert in contempt for violation of the restraining order. The court assessed a fine of $2,500 for the contempt payable to Lenna, together with attorney fees in favor of Lenna for the prosecution of the contempt.

Robert complains of the division of marital property and of the assessment of a fine for contempt. Affirmed in part and reversed in part and remanded.

The court divided the marital property which consisted of real estate and a number of items of personalty. This court has stated that appellate courts should interfere with the distribution of property in a dissolution case only when convinced that there has been an abuse of discretion. *Budzinski v. Budzinski*, 632 S.W.2d 527, 530 (Mo.App.1982). A review of the record convinces this court that the trial court did not abuse its discretion in the division of marital property. Robert complains that the trial court erroneously found the value of the real estate to be $61,000 subject to a $14,000 encumbrance when the parties had stipulated its value to be $75,000 subject to a $14,000 encumbrance. The value was fixed in the original judgment, but in the amended judgment

the court did not assign a value for any item of property. No request was made pursuant to Rule 73.01(a)(2) that the court set the value of any item of property. Therefore, the court cannot be faulted for failing to assign values to items of property. *Dardick v. Dardick,* 670 S.W.2d 865 (Mo.banc 1984). As stated, this court finds no abuse of discretion in the division of property and the judgment is affirmed. *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 64[3, 4] (Mo. banc 1983).

The court entered a restraining order which prohibited Robert from entering the family home or from disposing of or concealing any marital property pursuant to § 452.315, RSMo 1978. Lenna filed a motion to hold Robert in contempt for violation of this order in which it was alleged Robert had entered the home and removed marital property. At the hearing on this motion Robert admitted that he rented a truck and hired two men to assist him in removing items of marital property from the home. There was a dispute as to whether or not Robert had removed all of the items which Lenna said were missing from the home and this dispute continued even after Robert admittedly returned some items which he had taken. Although Lenna testified that the value of items missing from the home after Robert's visit was $7,137, there is no evidence in the record as to the value of the items which Lenna contended were still missing after Robert returned some of the items.

Although the parties agree the contempt in this case was civil, the punishment of a $2,500 fine payable to Lenna bears a striking similarity to punishment which would be appropriate in criminal contempt.

■ A fine may be appropriate as a punishment in civil contempt but such a fine must be related to the actual damage suffered by the injured party and must be payable to that party. *Chemical Fireproofing Corporation v. Bronska,* 553 S.W.2d 710, 715[7] (Mo.App.1977). Here there is no evidence as to the value of the property which Lenna contended remained missing after Robert returned some items, nor did the order finding Robert in con-

tempt make any finding as to the value of the property taken and retained by Robert. For this reason, the punishment of a $2,500 fine cannot stand and this cause must be remanded to the trial court for a redetermination of the punishment to be assessed.

■ In determining the punishment for contempt, the court should bear in mind that there is a distinction to be drawn between violation of a mandatory injunction and violation of a prohibitory injunction. Punishment for the violation of a mandatory injunction is designed to obtain compliance with the court's order and consists either of imprisonment or a per diem fine with each to run until the party elects to comply with the order. Punishment for a violation of a prohibitory injunction generally is punitive because the violation is an accomplished fact, and coercion to comply is untimely.

■ In this case the object of the contempt is coercive as well as punitive because of the allegation that Robert retains property taken in violation of the injunction. However, it is desirable for the court to demonstrate clearly whether its judgment is coercive or punitive in nature. While it may be proper to assess a fine payable to the injured party in a civil contempt case, *Odom v. Langston,* 213 S.W.2d 948, 951–52[7, 8] (Mo. banc 1948), a fine for civil contempt in order to be coercive ordinarily would be a per diem fine until the contemnor complies with the court's order. *Chemical Fireproofing,* supra.

On remand the court should make a finding as to what property Robert took and retains in violation of the court's order, and should make a determination of the value thereof. This is essential because Robert denied he took all of the property Lenna claimed was missing. If the court desires to punish by way of a fine such fine should be related to the value of the property that Robert retains and be a per diem amount payable to Lenna, and should continue until such time as Robert returns the property found by the court to be retained by him. This finding is necessary in order to clearly demonstrate that the order is coercive and to inform Robert as to what property he

must redeliver in order to purge himself of contempt. Of course, if the court decides that imprisonment is the proper punishment then the imprisonment would be until such time as Robert causes the property described in the order to be delivered to Lenna.

If the court determines that the proper punishment should be punitive instead of coercive the motion for contempt heretofore filed should be dismissed and proceedings for criminal rather than civil contempt would be appropriate.

Robert has not appealed from the award of attorney fees to Lenna in connection with the contempt proceedings, so no issue concerning that aspect of the contempt judgment is presented.

The judgment dividing the marital property is affirmed. The judgment of contempt is affirmed but the imposition of a $2,500 fine is reversed and this cause is remanded to the circuit court for a redetermination of the punishment.

All concur.