EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a contempt of court case.
On June 7, 1982, Mr. and Mrs. Lathan foreclosed a mortgage wherein Mr. and Mrs. Moseley were the mortgagors. The property was used for the operation of a service station. The Moseleys filed a proceeding to set aside the foreclosure sale, and that relief was denied by the trial court. The Moseleys appealed to the Supreme Court of Alabama, where the judgment was affirmed on March 23, 1984. Moseley v. Lathan, 448 So.2d 341 (Ala.1984). On May 1, 1984, the Lathans filed an action against the Moseleys, seeking the possession of the property. The counterclaim of the Moseleys sought to force the Lathans to allow them to redeem the property from the sale. After a trial, the Mose-leys were ordered by the trial court on September 14, 1984, to immediately vacate the property, and their request to redeem the property was denied. On September 26, 1984, the Lathans filed a petition for contempt against the Moseleys due to their failure to abide by the court order of September 14, 1984. The contempt hearing was presented ore tenus on September 27, 1984. On that date, the Moseleys still remained in possession of the service station. The trial court rendered the following judgment on September 27, 1984, and it was entered on September 28, 1984.
“[T]he Court makes the following finding of facts:
“1. That on the 14th day of September 1984, in civil action No. CV-84-60, the defendants were Ordered, inter alia, to immediately vacate the following described premises, and the Court ordered that plaintiffs, Herman Lathan and Dorothy Lathan, be vested with immediate possession of same, to-wit:
“. [Property description omitted]
“2. That, on the 19th day of September 1984, defendant William E. Moseley was furnished a copy of said hereinabove referred to court order. That defendant William E. Moseley testified that said court order was ‘rather clear’ in its meaning for the defendants to vacate said premises;
“3. That defendant William E. Moseley continued, in violation of the herein-above referred to court order, to possess and occupy said premises even until the date of this hearing;
“4. That, despite the said hereinabove referred to court order, defendant William E. Moseley continued to operate a business on the said premises and denied the plaintiffs possession of the herein-above described premises;
“5. That the plaintiffs, nor any agent acting in their behalf, have given the defendants, or either of them, permission to occupy said premises since the date of said court order;
“6. That a deputy sheriff of Clarke County, Alabama, to-wit, James Kidd, instructed defendant William E. Moseley, on the 26th day of September 1984, to vacate said hereinabove described premises, and in response, defendant William E. Moseley told Deputy James Kidd ‘he wasn’t going no place.’
“7. The Court does not find that defendant Loretta Moseley has been in possession of the hereinabove described premises in violation of the hereinabove referred to court order in that she did not have a key to the said premises. Further, the Court finds that she did not continue to operate a business on the hereinabove described premises in complete disrespect and disregard of this Court’s order, as did her husband, defendant William E. Moseley.
“8. That defendants William E. Moseley and Loretta Moseley did not file any Motion for Stay of Execution of Judgment and Order, nor did they file any Motion to Set Aside the Court Order prior to the plaintiffs’ filing a Petition for contempt in this cause;
“9. That the actions of defendant William E. Moseley hereinabove referred to were in disobedience of this Court’s order, indicating disrespect for this Court’s *1282 order, and tending to bring this court in disrepute;
“10. The actions of defendant William E. Moseley as hereinabove referred to were contemptuous.
“It is, therefore, ORDERED, ADJUDGED, AND DECREED by the Court as follows:
“1. That defendant William E. Moseley is adjudged to be in contempt of this court for his failure to immediately vacate the hereinabove described premises as ordered by this Court on the 19th day of September 1984. That defendant William E. Moseley is hereby sentenced to confinement in the county jail for a period of seventy-two (72) hours as punishment for his contempt of this Court;
“2. That defendant Loretta Moseley is not adjudged to be in contempt of this Court.”
Mr. Moseley was admitted to the county jail on September 27, 1984, and was released the next day when this court entered a stay thereof pending this review of the matter.
He contends, through able counsel, that he did not contemptuously fail to comply with the trial court’s order of September 14, 1984, that the premises be immediately vacated because it was necessary for him to empty his gasoline and diesel fuel from the storage tanks by regular sale, that he had to remove his stock of goods, and that it was essential that third parties remove their tires from the business.
In Muery v. Muery, 46 Ala.App. 617, 247 So.2d 123 (Ala.Civ.App.), cert. denied, 287 Ala. 737, 247 So.2d 128 (1971), it was decided that a party may be guilty of both indirect criminal contempt and indirect civil contempt. The party was there ordered to be confined in the jail for three days, which this court determined to be punishment for an indirect criminal contempt. Additionally, that party was allowed to purge himself of any contempt by doing certain things at any time after the expiration of the three days, which aspect was held to be an indirect civil contempt by this court.
“A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate its orders until he complies with them.... “... [T]he question here seems to be dependent upon whether the court made an order as a punishment in the nature of a criminal contempt or on the other hand sought only to enforce a compliance with its writ of injunction. The decree of the court settles that question. It is declared to be a punishment for what has been done, and it committed petitioner to jail for a definite period of time.”
Ex parte Hill, 229 Ala. 501, 503, 158 So. 531, 532 (1935).
From a study of the judgment of September 28, 1984, it is clear that the trial court imposed punishment for a definite period of time upon Mr. Moseley, which was occasioned by his previous disobedience of the September 14, 1984, judgment. Nothing in the September 28th judgment provided for the enforcement of the judgment of September 14.
After a careful consideration of the transcript, it appears that Mr. Moseley obtained a full knowledge and understanding of the September 14, 1984, judgment on September 19, 1984. Nevertheless, he remained in possession of the premises even through the date of the contempt hearing on September 27, 1984. No request was made by him to the trial court until September 27, 1984, that he be allowed additional time within which to vacate the property. Mr. Moseley assumed on his own the responsibility of attempting to vary the terms of the September 14, 1984, judgment as to when he was required to surrender the possession of the property to the Lathans; he, thereby, violated the order of the trial court of September 14, 1984, and must bear the consequences.
Stated briefly, we are satisfied from the evidence that Mr. Moseley willfully and knowingly violated a judgment of the trial court and thereby placed himself *1283 in indirect criminal contempt of the trial court. The punishment imposed upon him for the contempt did not exceed the statutory limitation which applies to criminal contempt matters. § 12-11-30(5), Code 1975. The evidence supports the findings of the trial court, and the law upholds the action taken.
The judgment filed on September 28, 1984, is affirmed. The stay of execution which was granted by this court on September 28, 1984, is hereby lifted and withdrawn.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
PETITION DENIED; STAY WITHDRAWN.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., not sitting.