EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a contempt of court case.
The parties were divorced in July 1981 with the mother being ordered to allow the father certain specified visitation with the children and also visitation at “such other reasonable times and places as may be agreed on between the parties.” That judgment was modified in December 1983 whereby it was provided as follows as to unspecified visitation:
“[TJhat Frances M. Jones act in good faith and allow Samuel R. Jones visitation with the children at all reasonable times and places as is provided for in the original Decree. Any violation of this Decree by either Frances M. Jones or Samuel R. Jones will be considered contempt of this Court and shall be punishable by fine and/or imprisonment.”
At the time that that modification order was rendered, the trial court orally implored the parties to strive to enhance the relationship of the other parent with the two young daughters, that visitation at reasonable times and places would be permitted by the father with the children, and that the order would be enforced by fine or imprisonment or both.
The present proceedings were commenced by the filing of the father’s petition, which sought an adjudication that the mother was in contempt for her failure to abide by the trial court’s orders as to nonscheduled visitation. The mother’s coun *450 terclaim sought an increase in child support.
After considerable oral testimony was presented before the trial court, the mother was adjudged to be in contempt of court and was ordered to serve five days in the county jail therefor. She was further ordered to pay to the father $3,746.55 as attorneys’ fees and costs. On the same day of its imposition, the five-day sentence was suspended without any condition being attached to the suspension. Child support payments were increased from a total of $320 to $360 each month. The mother has appealed and raises two issues.
I
We opt to treat her appeal as being cer-tiorari proceedings insofar as the contempt issue is concerned. Petty v. Petty, 455 So.2d 871 (Ala.Civ.App.1984).
After a thorough study of the judgment of the trial court, we determine that the mother was adjudged to have been guilty of an indirect criminal contempt of court. Ex parte Moseley, 470 So.2d 1280 (Ala.Civ.App.1985); Wilson v. Freeman, 402 So.2d 1004 (Ala.Civ.App.1981); Muery v. Muery, 46 Ala.App. 657, 247 So.2d 123 1971, cert. denied, 287 Ala. 737, 247 So.2d 128 (1971). It is rather clear that the trial court intended to punish the mother for her previous acts of contempt, and the imposition of five days’ imprisonment did not exceed authorized punishment. Ala.Code (1975), § 12-11-30(5).
Our scope of review in cases involving contempt of court is limited to the question of whether any evidence supported the trial court’s judgment and does not extend to a review of the weight and sufficiency of the evidence. Blankenship v. Blankenship, 420 So.2d 279 (Ala.Civ.App.1982). Here, there was evidence that, after the December 1983 modification order, the father had repeatedly requested of the mother that he be permitted to visit with the children over and above the specifically allowed visitation and that she only permitted him to do so for thirty minutes on one occasion. As to many of the other times when the father was denied that right or privilege by the mother, the trial court could have, and did, hold that her actions were unreasonable, arbitrary, and contemptuous in nature. She testified that she refused to allow him to take the girls out to dinner or to entertainment periodically because he only gave her twenty-four hours’ advance notice. She stated that she would allow the father to see the children at reasonable times, as she had been ordered, if it were convenient. The trial court orally specified from the bench several other evidentiary based reasons for its contempt order. In short, there was testimony which supported the contempt aspect of the judgment of the trial court, and we cannot alter it.
II
The father has different employment and nets approximately $100 more each week than at the time of the divorce. The mother also voluntarily changed jobs and presently makes about the same or perhaps less than in 1981. Presently, she only works from fifteen to twenty hours each week and earns $7.20 an hour. Both children now attend public schools, and, consequently, the mother need not make any expenditures to a child care center. Her monthly expense for that purpose had been $200 at the time of the divorce. The trial court increased the father’s total child support monthly payments from $320 to $360.
The mother argues that the slight increase in child support was so inadequate as to constitute error. We cannot agree.
The ore tenus rule applies, and the modification judgment is presumed to be correct upon appeal unless it was so unsupported by the evidence as to be plainly wrong. Stubbs v. Puls, 429 So.2d 1071 (Ala.Civ.App.1983). Also, when modification of child support is sought on account of changed conditions, the exercise of the discretion of the trial court upon such matters will not be disturbed upon appeal unless the trial court was plainly wrong. Green v. Green, 380 So.2d 884 (Ala.Civ. *451 App.1980). Since we find no abuse of discretion and since the trial court was not palpably wrong, we find no error as to the child support issue.
The judgment of the trial court is affirmed.
The father’s request for an attorney’s fee upon this appeal is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.