Malcolm McNEILL, Jr., Appellant,

v.

Linda Adams McNEILL, Respondent.

Nos. 50103, 50175.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 1, 1986.

Gerald J. Zafft, St. Louis, for appellant.

Merle L. Silverstein, St. Louis, for respondent.

KELLY, Judge.

Malcolm McNeill, Jr., husband, appeals from a judgment of the St. Louis County Circuit Court from a request for a declaration of the interest of the parties in a dissolution proceeding to the sale of proceeds of a certain partnership interest pursuant to the terms of a certain Stipulation and Agreement (Agreement) filed by the parties in that proceeding and incorporated in the dissolution decree and the award of attorney's fees to the wife, Linda Adams McNeill. We affirm.

On January 21, 1984, the Circuit Court of St. Louis County entered its decree dissolving the marriage of the McNeills. A certain Agreement, dated January 12, 1984, between the parties was incorporated into the decree. Paragraph 13(a) of the Agreement provides for assignment to the wife of 50% of the husband's interest in certain partnerships listed on Exhibit E of the Agreement, including the husband's SI-IGCO partnership interest. Paragraph 13(a)(ii) provides that:

Notwithstanding anything herein to the contrary, the husband shall indemnify and hold the wife harmless from and against any liability, cost or expense as a result of either (A) any requirement, request or demand for additional capital contributions by the partners of any of the Partnerships in which the wife holds an assigned interest, or (B) any personal liability for or payment of any liability or debt of any of the Partnerships in which the wife holds an assigned interest, which liabilities and debts are described in Exhibit E, attached hereto and incorporated herein by reference.

Prior to the execution of the Agreement, the husband encumbered his interest in SIIGCO Partnership by pledging it as security to borrow $100,000. After he had assigned 50% of his interests in SIIGCO to his wife, he sold his interest in SIIGCO Partnership for $190,000. The principal amount of the note ($100,000) plus interest was deducted from the sale proceeds. Net proceeds from the sale, $75,993.53, were placed in escrow.

Appellant claimed that pursuant to Paragraph 13(a) of the Agreement the parties should equally divide the net proceeds from his sale of this Partnership Interest. Respondent contends the outstanding note balance plus interest should have been deducted from the proceeds of the husband's one-half of $190,000; and that she is entitled to 50% of the gross proceeds of the sale, or $95,000.

Appellant filed his motion for Citation for Contempt of Court on February 14, 1984 alleging that the wife had violated the custody provisions of the Agreement. On March 15, 1984, respondent filed her answer to the Motion for Citation for Contempt and also her Motion to Modify Decree, and requested that the husband be ordered to pay her costs and reasonable attorney's fees. On April 17, 1985, the husband answered the wife's Cross-Motion for Contempt and also filed his Request for Declaratory Judgment seeking a declaration of the interest of the parties in the sale proceeds pursuant to the terms of Paragraph 13(a) of the Agreement.

At a hearing on April 23, 1985, the trial court held the Agreement was not ambiguous regarding Paragraph 13(a) or Exhibit E, and sustained wife's objections to husband's evidence regarding drafting and interpretation of the Agreement.

On May 2, 1985, the trial court entered an order and judgment finding the Agreement was not ambiguous as to Paragraph 13 or Exhibit E. thereof; that the husband was solely responsible for the $100,000 note; that the wife was entitled to 50% of the gross proceeds from the sale of SIIGCO Partnership interest in the amount of $95,000 and, therefore, the wife was entitled to all the monies in the escrow account. The court also ordered the husband to pay the wife's counsel four thousand dollars ($4,000) as attorney's fees in connection with the prosecution of the wife's motions.

Appellant filed a Motion to Amend Judgment and/or for New Trial on May 9, 1985. On May 20, 1985, the trial court entered its order denying the husband's motion in part, taking as submitted part of the motion regarding custody of the minor children, and designating as final for purposes of appeal paragraphs one and two of the Order and Judgment relating to the court's granting of wife's Cross Motion for Contempt and awarding wife $4,000 in attorney's fees respectively. The trial court entered its Amended Order and Judgment on May 28, 1985.

Appellant has timely filed his appeal with this court assigning two errors: (1) The trial court erred in holding the Agreement unambiguous; and (2) the trial court abused its discretion in awarding attorney's fees to the wife.

The standard of review for this court is to sustain the decree or judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976); *In re Marriage of Buchmiller*, 566 S.W.2d 256, 259[1] (Mo.App.1978).

■ Appellant first contends the trial court erred by holding the Stipulation and Agreement between the parties was not ambiguous, and therefore the court improperly excluded parol evidence to determine the intent of the parties. The cardinal rule in the interpretation of a contract is to determine the intention of the parties and to give effect to that intention. *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264[1] (Mo. banc 1973) However, when the language of the contract is clear, the court can state the intention of the parties from the contract itself. *Hathman*, 491 S.W.2d at 264[2]. It is only where the contract is ambiguous and not clear that resort to extrinsic evidence is proper to resolve the ambiguity. *Hathman*, supra at 264[4]. In accordance with these principles, it then becomes evident that the sole issue left to this court for review on appellant's first contention is whether the trial court properly determined there was no ambiguity in the Agreement.

The term "ambiguity" has been defined by courts in this state as "duplicity, indistinctness or uncertainty of meaning of an expression used in a written instrument." *Tenney v. American Life and Accident Insurance Company*, 338 S.W.2d 370, 371 (Mo.App.1960). A contract is ambiguous "if its terms are reasonably susceptible of more than one meaning so that reasonable men may fairly and honestly differ in their construction of them." *Merz v. First National Bank of Franklin County*, 682 S.W.2d 500, 502[2] (Mo.App.1984).

■ A simple reading of the Agreement as a whole, and the provisions of paragraph 13(a)(ii) along with Exhibit E in particular, reveals no ambiguity to this court. Paragraph 13(a)(ii) provides that the husband shall indemnify and hold the wife harmless from certain liabilities, costs or expenses as described in Exhibit E. Exhibit E lists the SIIG Partnership Holding Company in the sum of $100,000 as one of those liabilities. Husband had borrowed the approximate sum of $100,000 and secured the note evidencing this obligation with his interest in SIIGCO Partnership, an interest he had assigned in part to his wife. The encumbrance on this partnership interest was a liability that would normally flow to the wife when her assigned interest in SIIGCO was received. However, the wife was held

harmless and indemnified from this liability as expressly provided in Exhibit E to the agreement.

It is therefore the opinion of this court that there was substantial evidence to support the judgment of the trial court and the law was correctly declared and applied to the facts of this case.

■ Appellant next contends that the trial court abused its discretion in awarding attorney's fees to the wife because there was no evidence that the wife was unable to pay her own attorney's fees. Appellant cites several cases in support of his position. However, appellant's efforts are misdirected. Among the motions filed by wife was a Cross-Motion for Contempt in which she prayed for attorney's fees. The dissolution of marriage occurred several months before this proceeding. The award of attorney's fees ($4,000) was ordered by the trial court for legal services in connection with the wife's motions necessitated by the husband's conduct. Wife's Cross-Motion for Contempt was granted by the court.

■ The circuit court has authority to assess attorney's fees in civil contempt cases for willful disobedience of a court order. *In re Marriage of Morriss,* 573 S.W.2d 101, 102[3] (Mo.App.1978); *Frankel v. Moskovitz,* 503 S.W.2d 428, 433[11] (Mo.App.1973). These fees may be assessed against the violator as part of the expenses and costs incurred by the complainant in the prosecution of the contempt proceedings. *Saab v. Saab,* 637 S.W.2d 790, 792–793 (Mo.App.1982); *R.E. Harrington, Inc. v. Frick,* 446 S.W.2d 845, 849[5] (Mo.App.1969). Appellant was found to have willfully violated a decree of the circuit court. Therefore, the court did not abuse its discretion in awarding attorney's fees to the wife in this case.

Judgment is affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.