**STATE OF NORTH DAKOTA, ex rel., Brenda Lee YOUNG, Respondent,**

v.

**Kenneth CLAVIN, Appellant.**

**No. WD 37753.**

Missouri Court of Appeals,
Western District.

Aug. 26, 1986.

James J. Wheeler, Keytesville, for appellant.

Michael L. Midyett, Pros. Atty., Keytesville, for respondent.

Before TURNAGE, P.J., and SHANGLER, and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Kenneth Clavin appeals from an order finding him in contempt of court. Reversed and remanded.

The State of North Dakota caused a petition under the Uniform Reciprocal Enforcement of Support Act to be filed in the Circuit Court of Chariton County, alleging that Kenneth Clavin was the father of a child born to Brenda Lee Young. Clavin filed an answer denying parentage, and on motion the court ordered Clavin to submit to the withdrawal of blood for a blood test.

Calvin failed to appear at the time ordered for the blood test, and the court found Clavin in contempt for failure to appear. The court ordered Clavin committed to jail indefinitely, but placed him on probation on condition he present himself for a blood test. The court also ordered Clavin to pay a fine of $400 to Young.

The order in this case was an order of civil contempt, since its purpose was remedial, rather that punitive (as in criminal contempt). *See Odom v. Langston*, 358 Mo. 241, 213 S.W.2d 948, 950–51[3] (en banc 1948).

A fine may be levied for a civil contempt in order to compensate the person whose rights were prejudiced by the contempt. *Huegel v. Kimber*, 241 Mo.App. 49, 228 S.W.2d 833, 836 (1950). Such a fine must be related to the actual damages suffered by the injured party as a result of the contempt. *Angell v. Angell*, 674 S.W.2d 147, 149[3, 4] (Mo.App.1984). In this case, Young presented no evidence regarding the amount of her damages, and consequently the court made no finding as to her actual damage. Therefore, there is no basis in the record for a compensatory fine. *Id.* at 149[5].

On the other hand, a fine in a civil contempt may be coercive, rather than compensatory in nature. The lump-sum fine in the instant case is not a coercive fine, since such a fine would ordinarily be a per diem fine until the contemnor complies with the court's order. *Id.* [8]. Thus, the fine in this case is not an appropriate punishment for civil contempt.

The court placed Clavin on probation after it ordered confinement in jail. This court in *Vanet v. Vanet*, 544 S.W.2d 236, 247[18] (Mo.App.1976), held that probation and civil contempt are incompatible. Probation vitiates the coercive effect that is a fundamental purpose of civil contempt. Moreover, a person imprisoned for civil contempt should have the power at all times to end his punishment by purging himself of the contempt. *Huegel*, 228 S.W.2d at 833–36. However, according to the order in the instant case, even if Clavin submits to the blood test, he will still be on probation, and his punishment will not have ended upon his compliance with the court's order. Therefore, the provision for imprisonment is also invalid.

There are other infirmities charged in the contempt proceedings, but they need not be noted in view of the disposition herein. In any event the parties have the benefit of the briefs and can take further action in light of the points raised.

The judgment is reversed and this cause remanded for further proceedings.