PER CURIAM.
This case arose when the father filed a petition for rule nisi wherein he alleged that the mother had knowingly and willfully violated the court’s order of September 1985 regarding visitation with the parties’ son. After a hearing the trial court issued an order finding that the mother had expressly and willfully violated the trial court’s order of September 1985 and was, therefore, in contempt. The trial court ordered that the mother be incarcerated for twelve consecutive hours in the Morgan County Jail and that she pay the prepaid court costs and witness fees in order to purge herself of contempt. The mother appeals.
From our review of the record, it appears that the parties were divorced in Morgan County, Alabama in November 1975. The mother was awarded custody of the son, who was three years old at the time of the divorce, and the father was granted visitation rights.
In September 1985 the trial court adopted a stipulation and agreement of the parties which resolved their differences regarding the mother’s move to Tennessee and the effect that the move had upon the visitation rights of the father. The September 1985 order provides, in pertinent *620 part, that the father had the right to visit with the son for nine consecutive weeks each summer and for one week during Christmas school vacation.
The testimony at the hearing revealed that during the summer of 1986 the mother removed the son from the father’s home after only nine days of his nine-week visitation with the father. The mother and son returned to their home in Tennessee. This action was taken without the father’s consent or approval. At Christmas 1986, the father was allowed to visit with the son for only a few hours, and that visit took place at the paternal grandfather’s home. Thereafter, the father filed the petition for rule nisi on December 29, 1986, wherein he alleged that the mother should be held in contempt for her interference with his visitation rights with his son.
The mother raises two issues on appeal. In her first issue she contends that the trial court in Alabama did not have jurisdiction to hear this matter because she and the child have relocated in Tennessee. The mother further claims that the Alabama courts do not have jurisdiction over this matter because she filed a reciprocal nonsupport action in Tennessee two weeks pri- or to the time that the father filed this contempt action in the Alabama courts and that, therefore, the Tennessee courts now have jurisdiction over the matters involving the son.
The mother contends that under the provisions of the Uniform Child Custody Jurisdiction Act (UCCJA) and, in particular, section 30-3-23, Ala. Code 1975, that the Tennessee courts would have jurisdiction in this matter because that state is now the home state of the child. It is our finding that the Alabama courts do have jurisdiction in this matter for two reasons.
First, it should be noted that the Alabama courts had original jurisdiction in this matter because the parties were divorced in Alabama and both parties and their son lived in Alabama until July 1985 when the mother and son moved to Tennessee. In September 1985 the parties entered into a stipulation and order modifying the original custody decree which was adopted by the trial court in Alabama. That order dealt with, among other things, visitation rights, and is the order which the father alleged had been violated by the mother.
The evidence presented at the hearing reveals that the father continues to reside in Alabama and the mother and son return to Alabama for frequent visits. It also appears that the mother agreed to the September 1985 order adopted by the Alabama courts after she moved to Tennessee.
We believe this case to be controlled by the Parental Kidnapping Prevention Act of 1980, 28 U.S.C.A. § 1738A (West Supp. 1987) (PKPA).
The pertinent provisions of the PKPA are as follows:
“(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
“(1) such court has jurisdiction under the law of such State; and “(2) one of the following conditions is met:
“(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
[[Image here]]
“(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.”
As noted above, the facts show that at the time the parties were divorced they had been living in Morgan County, Alabama for several years. Their child was three years old at the time of the divorce. In 1985 the parties went into the Morgan County Circuit Court to resolve their differences over *621 the visitation rights of the father. No other court has been requested to consider the custody or visitation arrangements of the parties.
It appears from the above facts that the Morgan County, Alabama Circuit Court had jurisdiction of the parties when it divorced the parents, provided for the custody of the child, and gave visitation rights to the father. Moreover, the home state of the child at that time was Alabama, and the father continues to be a resident of Morgan County, Alabama. Consequently, sections 1738A(c)(l)(d) and (e) of the PKPA have been met. See also, Via v. Johnston, [Ms. Oct. 14, 1987] (Ala.Civ.App.1987).
Consequently, we find that the trial court in Alabama had jurisdiction to hear this matter.
In her second issue, the mother contends that the trial court abused its discretion when it found the mother in contempt because the visits contemplated by the September 1985 order were not in the best interests of the son because he no longer desired to visit with his father. The mother argues that she should not be held in contempt for her decision not to force her son to visit with his father when he stated that he did not wish to do so.
The proper method of review of a contempt citation is by way of writ of certiora-ri rather than by appeal. Petty v. Petty, 455 So.2d 871 (Ala.Civ.App.1984). However, we will treat the mother's appeal as a certiorari proceeding on the issue of contempt. Jones v. Jones, 477 So.2d 448 (Ala.Civ.App.1985).
In contempt cases, under our scope of review this court cannot review the weight and sufficiency of the evidence. This court is only to determine if there was any evidence to support the order of the trial court. Jones, supra.
We note that the mother in this case agreed to the provisions of the September 1985 order regarding the father’s visitation rights with the son. The record on appeal does not reveal any attempt on the part of the mother to modify the order as to the visitation rights. Further, the mother admitted during her testimony at the hearing that she violated the order regarding visitation and that she will obey the order in the future only if she determines that it is in the best interests of the son. Because of her admitted willful past violations of the September 1985 order, there was evidence to support the trial court’s finding of contempt.
This case is affirmed.
AFFIRMED.
All the Judges concur.