James J. Wheeler, Robert Wheeler, Keytesville, for appellant.

Michael L. Midyett, Pros. Atty., Keytesville, for respondent.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

MANFORD, Presiding Judge.

Appellant, Kenneth Clavin, appeals from an order of the trial court finding him in contempt. The appeal is dismissed.

The facts that precipitate this appeal are confusing and, although not bearing on the disposition of this appeal, they are set out herein to afford the reader a better understanding of the action.

In 1984, the State of North Dakota caused a petition under the Uniform Reciprocal Enforcement Act, to be filed in the Circuit Court of Chariton County, alleging that Kenneth Clavin was the father of a child born to Brenda Lee Young. Clavin filed an answer denying parentage, and upon motion, the court ordered Clavin to submit to the withdrawal of blood for a blood test.

Clavin failed to appear at the time ordered for the blood test, and the court found Clavin in contempt. Clavin appealed the order of contempt and this court reversed the order and remanded the cause for further proceedings. *See State of*

**STATE OF NORTH DAKOTA, COUNTY OF CASS, ex rel. Brenda L. YOUNG, Respondent,**

v.

**Kenneth CLAVIN, Appellant.**

**No. WD 39504.**

Missouri Court of Appeals, Western District.

Jan. 26, 1988.

**518**

*North Dakota ex rel. Young v. Clavin,* 715 S.W.2d 25 (Mo.App.1986).

Upon remand, the court again ordered Clavin to submit to a blood test. The order was issued on May 7, 1987, and the blood test was to be performed on May 26, 1987. Clavin was served with a copy of the order on May 8th, and on May 18th, Clavin filed with the circuit court a notice of appeal, appealing the order to submit to blood tests. No supersedeas bond was filed, nor was it waived.

By way of letter dated May 21st, the prosecuting attorney for Chariton County informed Clavin's attorney that since no supersedeas bond had been filed, there was no stay of the execution of the order and that if Clavin did not appear on May 26 to submit to blood tests, the prosecuting attorney would file a motion for contempt.

Clavin, believing that he need not appear for the blood tests because he was appealing the order, in fact failed to so appear on May 26th. However, Clavin, on May 26th, filed with the circuit court a motion to waive or to set supersedeas bond. (Said motion was received by this court on June 8th.) On May 29th, the prosecuting attorney filed a motion for contempt. An order to show cause was issued and a hearing was conducted on June 4th. (On this day, Clavin also filed a motion for leave to file supersedeas bond and an answer to the earlier motion to compel blood test, said motion having already been granted.)

Following the hearing on the motion for contempt, the trial court found that Clavin was in contempt of court for willful violation of a court order and ordered him committed to the Chariton County Jail. The contempt order further states that "Kenneth Clavin may purge himself of contempt by submitting to blood test ..."[1]

On June 4th, Clavin filed with the circuit court his notice of appeal of the order of contempt, said notice being received by this court on June 8th. On July 2, 1987, Clavin submitted to the blood tests.

The appeal of the order compelling the blood test was dismissed by this court, pursuant to appellant's motion to voluntarily dismiss, on June 22, 1987. The action now pending, and herein disposed of, is Clavin's appeal of the order of contempt.

This court notes that appellant has purged himself of the contempt. Therefore, the issues on appeal are moot and unappealable. *See Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983), and *Yeager v. Yeager,* 622 S.W.2d 339, 343 (Mo.App. 1981).

The appeal is dismissed.

All concur.

---

1. Appellant misinterprets the order as an order to pay damages. Although the court found that respondent Young had been damaged in the amount of $597.00, it did not order that Clavin pay that amount (or any amount) to Young.