**John R. LEVIS, Respondent,**

v.

**Patricia R. MARKEE, f/k/a Patricia R. Levis, Appellant.**

**No. 54878.**

Missouri Court of Appeals, Eastern District, Division Two.

June 6, 1989.

Anderson, Gilbert & Garvin, Leo V. Garvin, Jr., James F. Horne, St. Louis, for appellant.

Susman, Schermer, Rimmel & Shifrin, Frank Susman, Katherine Butler, St. Louis, for respondent.

KAROHL, Judge.

Mother, Patricia (Levis) Markee, appeals from order finding her in contempt for violation of temporary child custody provisions of a modification of a 1985 St. Louis County dissolution decree. Mother has remarried and moved to Pennsylvania with

children with the consent of father. The custody order provides that father, John Levis, who lives in St. Louis County, have temporary custody of minor children from 2:00 p.m. on Christmas Day through New Year's Day in odd-numbered years and for one week through Christmas morning in even-numbered years. Father purchased an airline ticket and made travel arrangements for his minor child, John, Jr. to visit for the Christmas Holidays in 1987. John, Jr. was to arrive in St. Louis on December 25, 1987, but mother failed to send John, Jr. to St. Louis until December 27, 1987.

On the facts, father filed a Motion for Contempt against mother. The court found mother in contempt and ordered her to pay $190 for the cost of the airline ticket purchased by father, but not used by John, Jr., $1,200 for father's attorney's fees, and a civil fine of $1,500.

Mother appeals the contempt order, claiming the court lacked contempt jurisdiction because of the provisions of § 452.450 RSMo 1986; and, in the alternative, father failed to show mother violated the custody order and that the amount of the fines was punitive and excessive. The award of attorney's fees was not appealed. We affirm in part and reverse in part.

The facts of the case are not in dispute. John Levis and Patricia (Levis) Markee were married in Philadelphia, Pennsylvania in 1967, and thereafter moved to St. Louis. The parties separated and the Circuit Court of St. Louis County granted a dissolution in August, 1985. The original decree of dissolution granted legal custody of three of the couple's four minor children to mother and legal custody of one child to father. Custody of John, Jr. was granted to mother.

In 1986, mother remarried and moved to Philadelphia, Pennsylvania with all four children. Father consented to the move and to transfer of legal custody of all children to mother in a stipulation agreement filed with the St. Louis County Circuit Court on September 3, 1987. The pertinent section of the stipulation agreement relating to father's visitation rights states:

> Respondent [father], as and for temporary custody shall have every other weekend from Friday at 6:00 p.m. until Sunday at 9:00 p.m. on 72 hours notice to Petitioner [mother]; one week through Christmas morning until noon in even numbered years and one week commencing at 2:00 p.m. Christmas Day through New Year's Day in odd numbered years; two weeks during either June, July or August of each year on 30 days written notice to Petitioner.

On or about December 18, 1987, father purchased and mailed a roundtrip airline ticket to mother for John, Jr.'s visitation with father during his Christmas vacation, 1987. The cost of the air fare was approximately $190. John, Jr. was scheduled to arrive in St. Louis on December 25, 1987. None of the other three children are involved. Under the custody provisions, John, Jr. was to arrive in St. Louis by 2:00 p.m. on December 25, 1987. However, John, Jr. did not use the airline ticket to St. Louis purchased by father and did not arrive in St. Louis until December 27, 1987.

Father filed a motion for contempt against mother on December 28, 1987. The motion was filed in the Circuit Court of St. Louis County. Mother filed a motion to dismiss the motion for contempt, claiming Missouri courts lacked proper jurisdiction under the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) provisions in § 452.450 RSMo 1986.

The Circuit Court of St. Louis County scheduled a contempt hearing for April 7, 1988. Mother failed to appear. Father testified he had sent a roundtrip airline ticket to mother for John, Jr.'s trip to St. Louis on December 25, 1987, but mother refused to send John, Jr. until December 27, 1987. Mother's counsel, in her absence, presented no evidence to explain why John, Jr. did not arrive in St. Louis until December 27, 1987. There was no evidence it was John, Jr.'s choice to delay the visit. The court denied the motion to dismiss and found mother in civil contempt for violating the custody order. The court ordered mother to pay father $190 for the non-refundable air fare expense, $1,200 for father's attorney's fees, and $1,500 as a fine for civil contempt.

Mother appeals the contempt order and contends that under the UCCJA, §§ 452.-440–452.550 RSMo 1986, the Missouri court lacked proper jurisdiction to hear the motion for contempt because Pennsylvania is now the home state of John, Jr. We find the St. Louis County Circuit Court had jurisdiction to enforce its prior decree and the court acted within its discretion in finding mother in contempt.

Missouri courts have jurisdiction to decide "custody determinations" as set forth in § 452.450 RSMo 1986. A court generally cannot make a custody determination if a child has lived out of the state for more than six months. Here, mother had resided in Pennsylvania with John, Jr. for more than six months when father filed the motion for contempt. Mother claims the contempt order was a custody determination and therefore, under § 452.450, the court lacked proper jurisdiction to hear the motion for contempt. We disagree.

An order for contempt is not a custody determination under the UCCJA. Even if a court loses jurisdiction to modify a prior custody order under the UCCJA, it retains power to enforce compliance with an existing order through civil contempt. See, e.g., Dobbins v. Maner, 517 So.2d 619, 620–21 (Ala.Civ.App.1987); Commonwealth ex rel Taylor v. Taylor, 332 Pa.Super. 67, 480 A.2d 1188, 1189–91 (1984). Whether to exercise jurisdiction is within the court's discretion. Kirylik v. Kirylik, 292 S.C. 475, 357 S.E.2d 449, 450 (1987). Thus, the Missouri court had continuing subject matter jurisdiction and the inherent power to enforce its own custody order and acted within its discretion in hearing the motion for contempt.

The UCCJA governs custody determinations. A motion for contempt, however, is not a determination of custody and a court may enforce its original custody order even though a child has lived outside the state for more than six months. There is a great difference between modification jurisdiction and enforcement jurisdiction. Modification jurisdiction involves holding an evidentiary hearing to determine a change in circumstances and best interests of the child, whereas enforcement jurisdiction is limited to determining whether a custody order was valid when entered and can be enforced. Taylor, 480 A.2d at 1190.

Here, the court was not confronted with and made no determination as to what was in the best interest of John, Jr. Therefore, there was no requirement for modification jurisdiction. The court did, however, have enforcement jurisdiction. The Circuit Court of St. Louis County issued a valid and subsisting custody order and maintained jurisdiction to enforce the order. The parties lived in St. Louis County, Missouri for several years prior to their dissolution of marriage. The dissolution was granted by the Circuit Court of St. Louis County in 1985. Father continues to live in St. Louis County. There is no evidence mother requested a Pennsylvania court to reconsider the custody order and modify the Missouri custody provisions. Accordingly, Missouri maintained jurisdiction to enforce the existing custody order. The court acted within its discretion in issuing the order of contempt.

Mother claims, in the alternative, that even if the court had jurisdiction to consider the motion for contempt, father failed to demonstrate mother violated the custody order and the civil fine of $1,500 and the fine of $190 were excessive. The unopposed evidence supported finding mother violated the order, and that the court acted within its discretion in issuing the $190 fine. The court erred, however, in issuing the $1,500 fine.

Father carried the burden of establishing that mother violated the court order. His burden was to show the custody order was not complied with. It was then mother's burden, as alleged contemnor, to show the violation was faultless. Escobedo v. Escobedo, 686 S.W.2d 52, 53 (Mo.App.1985). Father established that John, Jr. was due to join father according to the court order but failed to arrive in St. Louis on December 25, 1987. Mother failed to show the violation was faultless. Mother presented no evidence the delay was unavoidable or it was John, Jr.'s choice to remain in Pennsyl-

vania until December 27, 1987. Point denied.

The purpose of civil contempt is to remedy, not punish. *Wisdom v. Wisdom,* 689 S.W.2d 82, 86–87 (Mo.App. 1985). A fine for civil contempt is remedial and provides a coercive means of compelling compliance with a court order and/or of compensating complainant for losses sustained due to noncompliance. *United States v. Professional Air Traffic Controllers Organization Local 202,* 678 F.2d 1, 4 (1st Cir.1982); *Redifer v. Redifer,* 650 S.W.2d 26, 28 (Mo.App.1983). Generally, an outright fine, unrelated to actual damages, is not appropriate for civil contempt because it is not designed to cure but is intended to punish. *See, State of North Dakota ex rel Young v. Clavin,* 715 S.W.2d 25, 26 (Mo.App.1986), *dismissed as moot,* 744 S.W.2d 517 (Mo.App.1988). A per diem fine that expires when the contemnor complies with the order is proper. *Redifer,* 650 S.W.2d at 28.

Here, the court complied with these restrictions in awarding father $190. Father purchased the roundtrip airline ticket for John, Jr. and was entitled to have his son visit with him beginning December 25, 1987. Mother deprived father of two days visitation with John, Jr., including Christmas day. Although the amount is not direct compensation for the loss of temporary custody time it is related to actual damages. By failing to send John, Jr. to St. Louis until December 27, 1987, mother wasted father's ticket and thereby deprived him of two days visitation with John, Jr. The court did not err in awarding father the $190.

In addition, the court acted within its discretion in awarding attorney's fees to father. Circuit courts have the authority to assess attorney's fees in civil contempt cases for willful disobedience of a court order. *McNeill v. McNeill,* 708 S.W.2d 751, 754 (Mo.App.1986). These fees may be assessed against a contemnor as part of the costs and expenses incurred by complainant in the prosecution of the contempt proceedings. *Id.*

The court did err, however, in assessing the fine of $1,500. There is no evidence the fine of $1,500 is compensatory or related to actual damages suffered by father. The lump-sum fine could not cause compliance with an existing order by stopping a prior but completed incidence of contempt. Fines are ordinarily proper as a per diem fine until compliance. *Clavin,* 715 S.W.2d at 26; *Wisdom,* 689 S.W.2d at 86–87; *Redifer,* 650 S.W.2d at 28. The lump-sum fine is punitive, a penalty assessed against mother for a prior but completed refusal to comply with an existing decree. Such remedy is inappropriate in civil contempt, even if the fine is assessed for a past violation of a court order which cannot now be cured. *See, Professional Air Traffic Controllers Organization Local 202,* 678 F.2d at 4; *Redifer,* 650 S.W.2d at 28. The court improperly assessed the $1,500 civil fine against mother.

The order is affirmed on the finding of contempt, the award of $190 for father's damages and $1,200 for father's attorney's fees. The portion of the order for the lump-sum fine of $1,500 for prior contempt is reversed.

Affirmed in part, reversed in part.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.