**Jacqueline D. SHAW, Appellant,**

v.

**Richard R. SHAW, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1998.

Filed Oct. 20, 1998.

Arthur S. Cohen, Hollidaysburg, for appellant.

Robert J. Freeman, Bedford, for appellee.

Before EAKIN, LALLY–GREEN and TAMILIA, JJ.

TAMILIA, Judge:

Appellant, Jacqueline D. Shaw, appeals from the February 10, 1998 Order of the trial court which found her in contempt of a previous custody Order and directed that she be committed to the Bedford County Jail until which time she provides satisfactory assurance to the trial court that she will comply with the Order granting partial custody to appellee, Richard R. Shaw.[1]

Appellant and appellee are the natural parents of two teenage sons born September 12, 1982 and December 5, 1983. The parties, who were married, separated in March of 1990. Appellant subsequently filed for a divorce and sought custody of the children. By Order of October 2, 1990, appellant was awarded physical and legal custody of the children and appellee was granted partial custody on the first weekend of each month, for two weeks (14 days) during the summer months of June, July and August, and during school vacations as specified therein. The Order also provided that appellant was not precluded from residing outside of Pennsylvania with the children as long as she posted a bond in the amount of $1,000 conditioned

---

1. The February 10, 1998 Order also denied appellee's petition for modification of custody. This portion of the Order is not challenged on appeal.

on her compliance with the Order. At the time of the aforesaid Order, both parties and the children all resided in Pennsylvania; however, appellant posted the required bond and moved with the children to Ohio. By Order of March 24, 1993, the appellee's partial custody was modified to the first weekend of each month only and to such other times as the parties may mutually agree.

· Appellee filed a petition for contempt on October 7, 1996 claiming appellant violated the aforesaid custody Orders by obstructing his access to the children for a period of four and one-half to five years by moving from residence to residence without providing an address or a telephone number. Appellant filed a motion to quash on November 25, 1996 on the basis that jurisdiction is in Ohio and not Pennsylvania. On July 10, 1997, appellee filed a petition for modification wherein he sought primary custody of the children. Appellee filed another contempt petition on August 18, 1997. A hearing on the aforesaid petitions and motion was held on February 10, 1998.

Although ordered to appear with the children at the hearing, appellant failed to do so. Appellant was represented by counsel but did not offer any testimony or evidence. By Order of February 10, 1998, the trial court denied the petition for modification but granted the petitions for contempt.[2]

■ Appellant's sole argument on appeal is that Pennsylvania had "lost" jurisdiction to Ohio where she and the children had lived for seven years. Appellant essentially contends that the trial court had no authority to find her in contempt because it no longer had jurisdiction of the underlying custody matter. Under the Uniform Child Custody Jurisdiction Act (UCCJA), 23 Pa.C.S.A. §§ 5341–5366, subject matter jurisdiction may be premised upon three major grounds, "home state", significant connections or parens patriae. *See* 23 Pa.C.S.A. § 5344, **Juris-**

**diction.** Even assuming that the trial court lost its jurisdiction to modify the 1983 custody Order as appellant contends, the trial court does not necessarily lose its jurisdiction to enforce the prior Order.

In *Commonwealth ex rel. Taylor v. Taylor,* 332 Pa.Super. 67, 480 A.2d 1188 (Pa.Super.1984), this Court held that a trial court could properly hold a party in contempt even though it no longer had jurisdiction to modify the underlying custody decree. In so holding we distinguished between modification and enforcement jurisdiction as follows:

> [T]here is a great difference between modification jurisdiction, which involves holding an evidentiary hearing on the best interests of the child in order to determine custody, and enforcement jurisdiction, which is limited to determining whether the prior custody order can be enforced, i.e., whether the decree was valid when entered and never modified.

*Id.* 480 A.2d at 1190. Accordingly, *Taylor* stands for the proposition that so long as a custody decree has not been modified by an Order issued by another forum, in a valid exercise of its jurisdiction, it is enforceable by the original forum. *Goodman v. Goodman,* 383 Pa.Super. 374, 556 A.2d 1379, 1389 (Pa.Super.1989).

■ The trial court properly noted that there is nothing in the record which indicates that the custody Orders from Pennsylvania were ever modified by the Ohio courts.[3] (Trial Court Opinion, Howsare, J., 4/27/98, at 3.) The only evidence of the Ohio court's involvement in this matter is a December 5, 1991 Order from the Court of Common Pleas of Butler County Ohio, Division of Domestic Relations, which granted appellee's motion to dismiss appellant's complaint on the basis that Pennsylvania is the more appropriate forum. (Original Record #31, Exhibit F.) There is no question that the custody Orders of October 2, 1990 and March 24, 1993 were

---

2. The trial court denied appellant's motion to quash from the bench at the outset of the hearing (N.T., 2/10/98, at 6–7).

3. The reproduced record contains two documents which purport to be from the court of Common Pleas of Butler County, Ohio, Juvenile Division (R. 24–R. 30); however, neither docu-

ment is part of the record in the instant case. The general rule has long been that evidence which has no relation to or connection with the questions involved must not be reproduced. *See* Note to Pa.R.A.P. 2152, **Content and Effect of Reproduced Record.**

validly entered in the Pennsylvania courts. Since the aforesaid Orders were never modified by the Ohio courts, the trial court could enforce the Orders by means of its contempt power. *See* Pa.R.C.P.1915.12, **Civil Contempt for Disobedience of Custody Order. Petition. Form of Petition. Service. Order.** *Goodman*, 556 A.2d at 1389; *Taylor*, 480 A.2d at 1190–1191.

The trial court's finding that appellant frustrated appellee's right to partial custody by concealing the whereabouts of herself and the children is supported by our review of the record. Accordingly, the trial court did not err in concluding that appellant failed to comply with the requisites of the custody Orders. For the foregoing reasons, the Order of the trial court granting the contempt petitions is affirmed.

Order affirmed.