## Blackburn v. Blackburn

C.P. of York County, no. 2004-FC-01316-Y03.

*Daniel M. Fennick,* for plaintiff.
*James G. Keenan,* for defendant.

RENN, *J.,* October 4, 2004—This matter is before the court on Mother's "Preliminary objections and motion to transfer based upon lack of jurisdiction," raising the issue of jurisdiction of this court to proceed in this matter. This court will retain jurisdiction over Father's petition for contempt, but with regard to any matters on the merits of the underlying custody issue, the objections will be sustained, and further proceedings in this matter will be stayed consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND:

From the record we determine the following facts. Christopher Lee Blackburn (Father) and Rebecca Lynn Blackburn n/k/a Rebecca Mattison (Mother) were married and on July 3, 1993, Chelsi Lynn Blackburn was born and on February 2, 1996, Brittni Christine Blackburn was born. Subsequently, on December 9, 1996, Mother and Father were divorced.

Thereafter, Mother moved to Maryland with the parties' children and remarried. They have resided in Maryland for approximately the past seven years.

On April 21, 1998, the parties entered into a stipulated custody agreement giving them shared legal and physical custody of their minor children, with Mother

having primary physical custody and Father having partial physical custody every other weekend. During the summer, Father has primary physical custody and Mother has partial physical custody every other weekend.

On January 1, 2000, Father filed a petition for contempt. In response to the petition a conciliation conference was scheduled for February 28, 2000, before James A. Holtzer, Esquire. The parties reached an agreement that reiterated the April 21, 1998 order which was entered on March 6, 2000.

On July 14, 2004, Father filed a petition to modify existing custody order seeking primary physical custody of the parties' minor children.

On July 14, 2004, Father also filed a petition for contempt alleging that the April 21, 1998 order, and the March 6, 2000 order were violated by Mother.

On July 29, 2004, Mother filed a custody action in the Circuit Court of Anne Arundel County, Maryland.

On July 30, 2004, Mother filed preliminary objections, presumably to Father's petition to modify, since the objections do not refer to a specific pleading and concede jurisdiction for this court to hear the contempt issue. The objections also request a transfer of this action to Anne Arundel County, Maryland.

On August 2, 2004, Mother filed a counterclaim to Father's petition for contempt alleging that the court order entered on April 21, 1998, was violated by Father.

## ISSUES:

The record presents the court with two issues to resolve.

(1) Whether the court has jurisdiction over a petition for contempt requesting enforcement of the court's prior custody order.

(2) Whether the court should decline to exercise jurisdiction over the underlying custody action.

## DISCUSSION:

### 1. *Jurisdiction To Hear Contempt Issues:*

Jurisdiction for a court to hear matters involving contempt of its own orders is different than jurisdiction to determine custody or to modify a prior custody order. "There is a great difference between modification jurisdiction, which involves holding an evidentiary hearing on the best interests of the child in order to determine custody, and enforcement jurisdiction, which is limited to determining whether the prior custody order can be enforced, *i.e.,* whether the decree was valid when entered and never modified." *Commonwealth ex rel. Taylor v. Taylor,* 332 Pa. Super. 67, 72, 480 A.2d 1188, 1190 (1984).

"*Taylor,* most significantly, stands for the proposition that so long as a custody decree has not been modified by an order issued by another forum, in a valid exercise of its jurisdiction, it is enforceable by the original forum." *Goodman v. Goodman,* 383 Pa. Super. 374, 395, 556 A.2d 1379, 1389 (1989).

It is clear that this court's previous orders have not been modified by a court of any other jurisdiction. Regardless of whether this court could exercise jurisdiction over the underlying custody dispute, this court clearly

has jurisdiction over an alleged contempt of its own orders.

## 2. *Jurisdiction Over Underlying Custody Dispute:*

We have already noted that pending in this court is Father's petition to modify existing custody order. There have been pleadings filed in the State of Maryland by Mother setting forth a request for primary physical custody with the right of visitation for the father.

In determining whether a court has jurisdiction of a custody "proceeding," the Uniform Child Custody Jurisdiction Act (UCCJA)[1] sets forth factors which the court must consider to determine whether it has jurisdiction in the first instance. (23 Pa.C.S. sec. 5401 et seq.) Among the factors this court finds significant are:

"(a) the 'home state' of the child;

"(b) the child and one parent have significant contacts with the state of jurisdiction; and

"(c) the availability of substantial evidence concerning the present or future care, protection, training, and personal relationships of the child." 23 Pa.C.S. sec. 5344.

Additionally, even though this court should determine that it has jurisdiction over a custody modification proceeding, we may still decline to exercise that jurisdiction because this court is no longer a "convenient forum" in which to hear the matter.

---

1. The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) was signed into law on June 15, 2004, becoming effective 60 days thereafter. However, the Act, by its terms, does not apply to actions commenced before the effective date of this Act, as this proceeding was. See Act 39 of 2004, §6.

In the present case, it is clear from the record that Maryland has been the "home state" of the child since approximately 1997. In the hierarchy of considerations in the UCCJA, there is a clear preference for the "home state" of the child to take jurisdiction over a modification request. *Goodman v. Goodman, supra* at 388, 556 A.2d at 1386. No argument was presented to the court to indicate that the children were removed from Pennsylvania for the purpose of defeating this Commonwealth's jurisdiction. The children and Mother have significant contacts with the State of Maryland due to their residency there. Finally, it can certainly be inferred from the undisputed facts in the record that substantial evidence concerning the future care of the children is found in Maryland.

Further, we do not believe that it is in the best interest of the children for this court to continue our jurisdiction over the underlying custody matter. While the children visit their father, who lives in Pennsylvania, on a regular basis, we cannot say that such contact constitutes a "significant connection" with this Commonwealth to the degree that a court of this Commonwealth would divest the jurisdiction of the Commonwealth of Maryland.

We note that we would have reached the same result had this case been decided under the UCCJEA. See 23 Pa.C.S. §§5421, 5422.

Since we are faced with a pending custody claim filed in the State of Maryland which may or may not be pursued, we will decline to exercise our jurisdiction over any request for modification of the custody orders presently in effect, and stay further custody proceedings in this Commonwealth, except those proceedings relating to the enforcement of our orders currently in effect.

An order will be entered consistent with this opinion.

## ORDER SUSTAINING
## PRELIMINARY OBJECTIONS

And now, October 4, 2004, the preliminary objections by defendant-Mother, to the petition to modify existing custody order, are sustained.

All matters not related to enforcement of this court's existing orders are hereby stayed pending the State of Maryland assuming jurisdiction. Upon request of Mother or the Circuit Court of Anne Arundel County, Maryland, the prothonotary may transfer the contents of the file, or such part thereof which may be requested, to the court of Anne Arundel County, Maryland.

A hearing on the allegations on the petition for contempt filed by plaintiff-Father, and the counterclaim to Father's petition for contempt filed by defendant-Mother is hereby scheduled for Monday, October 18, 2004 at 3 p.m. in courtroom no. 9 of the York County Judicial Center, at which time testimony may be taken and argument heard. One and one-half hours have been allocated for the hearing. Counsel are expected to conclude their presentations within the time allotted.

A copy of this opinion and order shall be sent to counsel for the parties, and a copy shall be sent to the Circuit Court of Anne Arundel County, Maryland.