J-S01009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.L.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S.T.L. | : | |
| | : | |
| Appellant | : | No. 1411 MDA 2016 |

Appeal from the Order Entered July 21, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2007-FC-40839

BEFORE:  GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JANUARY 13, 2017**

Appellant, S.T.L. ("Father"), appeals from the order entered in the Lackawanna County Court of Common Pleas, which granted the emergency petition for contempt filed by Appellee, L.L.L. ("Mother"), for Father's failure to comply with a prior custody order concerning T.L. ("Child").  We affirm.

The trial court fully and comprehensively sets forth the relevant facts and procedural history.  Therefore, we have no need to restate them.

Father raises the following issues for our review:

> DID THE TRIAL COURT LACK JURISDICTION TO ENFORCE ITS ORDER AS…CHILD REACHED THE AGE OF THE MAJORITY PRIOR TO THE FILING OF THE PETITION FOR CONTEMPT?
>
> DID THE TRIAL COURT LACK JURISDICTION OVER THE

PARTIES AS THERE WAS NO MINOR CHILD BETWEEN THEM AT THE TIME OF THE FILING OF THE PETITION FOR CONTEMPT?

WAS THERE INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO ESTABLISH [FATHER] WAS IN CONTEMPT, AS [MOTHER] FAILED TO ENTER ANY EVIDENCE IN SUPPORT OF THE PETITION FOR CONTEMPT?

WAS IT AN ERROR TO FIND [FATHER] IN CONTEMPT AS THE UNDERLYING ORDER WAS VOIDED PRIOR TO THE FILING OF THE CONTEMPT PETITION?

(Father's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Trish Corbett, we conclude Appellant's issues merit no relief. (**See** Trial Court Opinion, filed September 15, 2016, at 4-8) (finding: **(1-2, 4)** when court issued May 20, 2016 custody order, court was aware that Child would turn 18 years old on day after that order required Father to return Child to Mother's custody; court had authority and jurisdiction to find Father in contempt for violating May 20, 2016 custody order, even though as soon as Child reached age of 18, (a) court lacked jurisdiction to enter further custody orders regarding Child; and (b) previous custody orders concerning Child became null and void; **(3)** at contempt hearing, Child testified he told Father that he did not want to return to Mother, and Father replied he would not force Child to go; Father did not try or direct Child to return to Mother's home; Father did not require Child to go with Mother when Mother arrived at Father's home to retrieve Child; Father told Child that once Child turned 18,

Child could decide where to live and attend school, pursuant to May 20, 2016 custody order; however, Father had obligation to return Child to Mother's custody on June 21, 2016; Father manipulated Child so Child would not want to return to Mother's custody; Father also influenced Child's testimony at contempt hearing; evidence presented at contempt hearing was sufficient to establish Father willfully violated May 20, 2016 custody order). The record supports the court's decision. Thus, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017

L.L.L.,
    Plaintiff

vs.

S.T.L.,
    Defendant

: IN THE COURT OF COMMON PLEAS
: OF LACKAWANNA COUNTY
:
:
:
:     CIVIL ACTION-LAW
:     FAMILY COURT DIVISION
:
:     No. 2007-FC-40839
:

## OPINION

This Court issued an Order of Contempt against the Defendant, S.T.L., filed on July 21, 2016. On August 22, 2016, a Notice of Appeal was filed by the Defendant, and the Opinion in support of that Order is now ripe and as such, is addressed below on this 15th day of September, 2016.

**CORBETT, J.**

### I.   FACTUAL AND PROCEDURAL HISTORY

This case involves a high conflict custody dispute over the parties' minor child, T.L., (hereinafter "minor child"). [1] This file is replete with various petitions filed by the parties since the action commenced on July 6, 2007, when Plaintiff, L.L.L (hereinafter "Mother"), filed a Complaint in Divorce against Defendant, S.T.L. (hereinafter "Father"). (Complaint 07/0/6/07). Pursuant to an Order dated February 15, 2013, the parties have shared legal custody of the minor child. (Order 02/15/13). Mother has primary physical custody of the minor child and Father has partial physical custody every Tuesday and Thursday from 5:00 p.m. to 9:00 p.m. and every other weekend from Friday after school until Sunday at 9:00 p.m. (Order 05/13/16).

---

[1] The minor child attained the age of eighteen (18) by the time this Court held the contempt hearing and issued an Order finding Father was in willful contempt on July 20, 2016.

1

The instant petition sources back to this Court's Order and Amended Order dated May 13, 2016 and May 20, 2016, respectively.[2] On June 24, 2016, Mother filed an Emergency Petition for Contempt and Sanctions. (Petition 06/24/16). In her Petition for Contempt and Sanctions, Mother alleges Father violated this Court's Order dated May 20, 2016 by failing to return the minor child to Mother on June 21, 2016. *Id.* On July 20, 2016, Father filed an Answer to Mother's Emergency Petition for Contempt and Sanctions. (Answer 07/20/16). In his Answer, Father alleges the minor child refused to go with Mother on June 21, 2016. *Id.*

By way of background, this Court entered an Amended Order dated May 20, 2016 permitting Father to take the minor child on vacation out of state and to Canada from June 13, 2016 after the minor child's pre-scheduled medical appointment until June 21, 2016. (Order 05/20/15). In addition, the Order states Father will be held in contempt of court for failure to return the minor child on June 21, 2016 barring any serious emergency to prevent the same. *Id.*

Specifically, Father was ordered to return the minor child to his Mother the day before his eighteenth (18th) birthday in order to ensure the minor child completed his senior year of high school at the Scranton Preparatory School (hereinafter "Scranton Prep"). *Id.* Father has filed petition after petition with this Court in an attempt to enroll the minor child in Abington Heights High School.[3] However, the minor child has attended Scranton Prep

---

[2] The Honorable Judge Jarbola issued an Order dated May 13, 2016 allowing Father to take the minor child on vacation from June 13, 2016 until June 21, 2016. (Order 05/13/16). On May 20, 2016, the Honorable Judge Jarbola issued an Amended Order adding language that Mother shall furnish the minor child's passport to Father on June 10, 2016 and Father shall return the passport to Mother on June 21, 2016. (Order 05/20/16).

[3] More recently, on August 7, 2015, Father filed a Petition for Special for the Minor Child, T.L., to Attend Abington Heights High School and Petition Seeking Shared Legal and Primary Physical Custody of the Minor Child, T.L. (Petition 08/07/15). This Court entered an Order dated September

since 2013, and this Court has continuously found that the minor child's best interest is to complete his high school education at Scranton Prep. Not only has the minor child thrived at Scranton Prep for the last three years tuition-free, but by completing his education there, he would be afforded the opportunity to attend University of Scranton (hereinafter "University"), free-tuition, and to transfer at least twenty-three (23) advance placement credits to the University.[4] It is very apparent to this Court Father manipulates the parties' children to reside with him and to attend Abington Heights High School in order to "win" against Mother rather than looking out for the best interest of the children.[5]

This matter was scheduled before this Court on June 27, 2016, but was continued at the request of Father's counsel at the time. (Order 06/28/16). A contempt hearing commenced before this Jurist on July 20, 2016. The only testimony provided to this Court was from the minor child. This Court entered an Order dated July 21, 2016 finding Father in willful contempt of this Court's Amended Order dated May 20, 2016 and sentenced to incarceration at the Lackawanna County Prison for a period of six (6) months. (Order 07/21/16). It was furthered ordered that Father may purge himself of the contempt by not assisting the minor child, T.L., in enrolling in Abington Heights School District, and directed Father to pay Mother's attorney's fees in the amount of one thousand seven hundred seventy dollars ($1,770.00) within thirty (30) days of this Court's Order. *Id.* On August 22, 2016, Father filed a Notice of Fast Track Appeal of this Court's Order dated July 21, 2016. (Notice of Appeal 08/22/16).

---

7, 2015 denying Father's Petition for Special Relief and ordered that the minor child continue to attend Scranton Prep. (Order 09/07/15).

[4] Since Mother is a teacher at Scranton Prep, she has the authority to sign to allow the minor child to attend the University tuition-free.

[5] Upon the parties' oldest son, M.L. turning eighteen (18) years of age, this Court believes Father manipulated M.L. to move from Mother's residence in with Father, and withdraw from Scranton Prep and enroll in Abington Heights High School.

## II. DISCUSSION

Actions for enforcement of custody orders are in the nature of civil contempt. *Garr v. Peters*, 773 A.2d 183, 189 (Pa. Super. 2001). A party who willfully fails to comply with any custody order may be adjudged in contempt, which can be punishable by imprisonment for a period not to exceed six (6) months, a fine not to exceed five hundred dollars ($500.00), probation for a period of not more than six (6) months, an order for renewal, suspension or denial of operating pursuant to 23 Pa.C.S.A. § 4355 and counsel fees and costs. 23 Pa.C.S.A.§ 5323 (g)(1)(i)-(v) (West 2016). The complaining party has the burden, by a preponderance of the evidence, to show that the opposing party violated the court order. *Hopkins v. Byes*, 954 A.2d 654, 656 (Pa.Super. 2008).

Each court is the exclusive judge of contempt against its own process. *Garr*, 773 A.2d at 189. When reviewing an appeal from a contempt order, the appellate court should place great reliance upon the discretion of the trial judge. *Id.* On appeal from a court's order holding a party in contempt, the appellate court is limited to determining whether the trial court committed a clear abuse of discretion. *Id.*

This Court finds Father was in willful contempt of its Order dated May 20, 2016 by failing to return the minor child to Mother's custody on June 21, 2016. Also, it was very apparent to this Court that Father manipulated the minor child into not wanting to return to Mother's custody. During the contempt hearing, the minor child testified there was no serious emergency preventing Father from returning the minor child to Mother's custody on June 21, 2016. (H.T., 07/20/16, p. 35). Rather, the minor child testified that he told his Father that he did not want to go to his Mother's house, so Father told him "he was not going to force him to go." (H.T. 07/20/16, p. 8).

4

The minor child testified that Father did not discuss returning him to Mother until after Mother started contacting the minor child that night. (H.T.07/20/16, p. 14). The minor child indicated that his Mother started contacting him on June 21, 2016 around 8:44 p.m. asking him when he would be coming home. (H.T. 07/20/16, p. 10). After the minor child indicated to Mother that he was not coming home, she arrived at Father's residence to retrieve the minor child around 10:30 p.m. (H.T. 07/20/16, p. 11). The minor child stated that Father did not require him to go home with Mother when she arrived. (H.T. 07/20/16, p. 17). This Court finds at no time did Father force the minor child to get into his car to return to his Mother's residence nor did he force the minor child to go out to his Mother's car when she arrived at Father's residence to retrieve him.

Furthermore, the minor child also testified that Father told him that once he reached the age of eighteen (18) that he could make his own decision as to where to live and where to go to school. (H.T. 07/20/16, p. 25). Although this is true, it in no way effects the fact that Father was under this Court's Order to return the minor child to Mother's custody on June 21, 2016 and was in contempt when he failed to do so. It is clear to this Court Father manipulated the minor child to think if he did not want to return to Mother's custody, then Father would not need to comply with this Court's Order. Father has allowed the minor child to make the decision of whether he would comply with the Order. This is not acceptable. The parties are the persons who are to ensure compliance. Father had an obligation to comply with this Court's Order and failed to make any attempt to ensure compliance. Thus, this Court finds Father is in willful contempt of its Order dated May 20, 2016.

5

This Court also finds Father influenced the minor child into not only refusing to return to Mother's custody, but that he also influenced the minor child's testimony at the contempt hearing. During the contempt hearing, the minor child disclosed Father informed him that Mother filed a Contempt Petition against Father for failure to return him to Mother's custody on June 21, 2016 and that he could be incarcerated as a result. (H.T. 07/20/16, p. 25-7).

First, the minor child indicated that he did not review the Contempt Petition. (H.T. 07/20/16, p. 26). Then, he stated that he did read the Contempt Petition, but did not understand it. (H.T. 07/20/16, p. 27). He testified that his Father did not discuss what was required to find a party in contempt, but rather, prior to June 21, 2016, he learned from the television show *Law and Order* that a person could not be held in contempt if he or she did not willfully violate an order. (H.T. 07/20/16, p. 30). However, the minor child then testified that the first time he heard the word "willfully" was during that hearing. (H.T. 07/20/16, p. 34). Once again, the minor child changed his testimony by testifying that the first time he understood Father could go to jail if he willfully violated this Court's Order was when he reviewed the Contempt Petition. (H.T. 07/20/16, p. 31).

Clearly, in order to avoid being held in contempt, Father informed the minor child that Father's actions must be willful, and thus, if the minor child refused to go then his actions would not be considered willful. (H.T. 07/20/16, p. 30). As stated above, Father placed all the responsibility to comply with this Court's Order on the minor child when it was Father's obligation to do so. (H.T. 07/20/16, p. 31).

Therefore, this Court finds that Father was in willful contempt of its Order dated May 20, 2016 by failing to return the minor child to Mother's custody on June 21, 2016.

6

Unfortunately, Father has manipulated the minor child in an attempt to "win" against Mother, something he has been trying to do since 2007, but at this time it was at the cost of the minor child's present and future education.

## III. MATTERS COMPLAINED OF ON APPEAL

Father's counsel filed a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.C.P. 1925(2)(a) on August 22, 2016, which are listed below and addressed in turn.

1. **THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT WAS IN CONTEMPT AS IT LACKED JURISDICTION OVER THE MATTER.**

2. **THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT WAS IN CONTEMPT AS IT LACKED JURISDICTION OVER THE PARTIES.**

Father's first (1st) and second (2nd) Statement of Matters Complained of on Appeal shall be addressed together. This Court did not err in finding that Father was in contempt as it had jurisdiction over the matter and the parties. Although this Court lacked jurisdiction to enter an order of custody, this Court still had jurisdiction to enforce its prior order and the authority to hold a party in contempt for failure to abide by its order.

The Superior Court has held that a trial court could properly hold a party in contempt even though it no longer had subject matter jurisdiction to modify an underlying custody order. *Shaw v. Shaw*, 719 A.2d 359,360 (Pa.Super. 1998). "There is a great difference between modification jurisdiction, which involves holding an evidentiary hearing on the best interests of the child in order to determine custody, and enforcement jurisdiction, which is limited to determining whether the prior custody

7

order can be enforced." *Id., citing, Common ex rel. Taylor v. Taylor*, 480 A.2d 1188, 1190 (Pa.Super. 1984).

This Court was well aware of the fact the minor child was turning eighteen (18) years of age on June 22, 2016 when it issued the Order requiring the minor child to be return to his Mother's custody on June 21, 2016. Although this Court no longer possessed the jurisdiction to enter an order of custody for the minor child once he reached the age of eighteen (18), that does not preclude this Court from finding Father in contempt for violating its Order dated May 20, 2016 for failure to return the minor child to Mother's custody on June 21, 2016.

### 3. THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT TRIAL TO ESTABLISH THE DEFENDANT WAS IN CONTEMPT.

As discussed above, there was sufficient evidence presented during the contempt hearing to establish that Father willfully violated this Court's Order dated May 20, 2016 by failing to return the minor child to Mother's custody on June 21, 2016.

### 4. THE TRIAL COURT ERRED IN FINDING CONTEMPT ON JULY 21, 2016, BASED ON THE MAY 20, 2016 ORDER, AS THE UNDERLYING ORDER WAS VOIDED ON JUNE 22, 2016.

This Court did not err in issuing an Order dated July 21, 2016 finding Father in contempt for violating the Order dated May 20, 2016. Although the previous custody orders regarding the custody of the minor child became null and void by law upon the minor child reaching the age of majority on June 22, 2016, as discussed above, this Court still has the jurisdiction to find Father in contempt for violating the Order on June 21, 2016 when it was in full force and effect.

8

## IV. CONCLUSION

For the reasons set forth above, Mother's Emergency Petition for Contempt and Sanctions is **GRANTED** and Mother's request for attorney's fees in the amount of one thousand seven hundred seventy dollars ($1,770.00) is **GRANTED.**

BY THIS COURT:

_____, J.
HONORABLE TRISH CORBETT

9

*cc:   Written notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pa.R.C.P. 236 (a) (2) by mailing time stamped copies to:*

Attorney for Plaintiff
Brian J. Cali, Esq.
Brian J. Cali & Associates
103 East Drinker St.
Dunmore, PA 18512

Attorney for Defendant
Michael A. Shotto, Jr.,Esquire
Junker Shotto, LLC
297 Pierce Street
Kingston, PA 18704

Superior Court of Pennsylvania
Jennifer Traxler, Esquire
Superior Court of Pennsylvania
Pennsylvania Judicial Center
PO Box 62435
601 Commonwealth Avenue, Suite 1600
Harrisburg, PA 17106-2435