J-S35031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN T. AND SHIRLEY A. OLESKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES HATHAWAY | : | |
| | : | |
| Appellant | : | No. 894 MDA 2021 |

Appeal from the Order Entered June 3, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-001854-03

| | | |
|---|---|---|
| JOHN T. AND SHIRLEY A. OLESKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES HATHAWAY | : | |
| | : | |
| Appellant | : | No. 1022 MDA 2021 |

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2014-FC-001854-03

BEFORE:  OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:     **FILED: DECEMBER 17, 2021**

These consolidated appeals arise from the order of the Court of Common Pleas of York County (trial court) resolving a custody dispute in favor of John T. and Shirley A. Oleski, the maternal grandparents of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

minor child, H.H.  The father of the child, Charles Hathaway (Father) argues that the order must be vacated because the trial court had no jurisdiction over the case; the trial court deprived him of the chance to make his jurisdictional argument; and the custody terms imposed infringe on his parental rights.  For the reasons that follow, the appeal docketed at case number 894 MDA 2021 is quashed as interlocutory, and the appeal docketed at case number 1022 MDA 2021 is affirmed.

## I.

The procedural history of this case is somewhat convoluted.  Father is the natural father of the child, H.H., who was born in 2009.  The mother of H.H. was married to Father at the time the child was born.  The mother passed away in 2013, but she was survived by the child's maternal grandparents, John T. Oleski and Shirley A. Oleski (grandparents).

Since 2014, Father and grandparents have been engaged in a custody dispute over the child.  On October 18, 2016, Father and grandparents reached a stipulated agreement that grandparents would be granted partial physical custody and Father would be granted primary physical custody and sole legal custody.  However, grandparents subsequently filed a petition for custody and contempt, alleging that Father was not complying with the earlier stipulations.

The trial court held a custody trial and granted grandparents' petition. On July 17, 2018, the trial court entered a custody order awarding

grandparents partial physical custody of the child every other Saturday during the school year, Christmas Eve, and four other days each summer. The order provided that grandparents were responsible for the child's transportation to and from all visits. Father appealed on constitutional grounds and this Court affirmed the order in *J. & S.O. v. C.H.*, 206 A.3d 1171 (Pa. Super. 2019).

In August 2020, Father and the child moved from Pennsylvania to Maryland. Father's Maryland home was about an hour's drive from grandparents' residence. To avoid having to drive a total of four hours for each visit, grandparents petitioned for a modification of the July 17, 2018 order so that transportation responsibilities would be evenly split between themselves and Father.

However, on December 9, 2020, due to the outbreak of COVID-19 and resulting travel restrictions, the petition to modify the transportation provision was held in abeyance. Instead, the trial court entered on that date an order modifying the July 17, 2018 order to *temporarily* award grandparents remote video visits *in lieu* of in-person partial custody. This order precluded in-person visits only in the event that "a scheduled visit for the Grandparents with the minor child is not able to occur in person due to restrictions related to the ongoing COVID 19 pandemic[.]" The parties were advised on several other occasions that in-person visits would resume once the travel restrictions related to COVID-19 were lifted.

A few months later, on March 3, 2021, the trial court held a hearing on grandparents' petition to modify the transportation provisions of the custody order. Testimony was taken from the child and on March 4, 2021, the trial court granted grandparents' petition. An order was entered the next day directing the parties to split transportation responsibilities as to previously awarded visits outlined in the July 17, 2018 order.

On May 17, 2021, grandparents filed a petition seeking to enforce their in-person visitation rights. By that time, both Pennsylvania and Maryland had lifted their respective transportation restrictions. Moreover, it is undisputed that grandparents have been vaccinated against COVID-19.[1]

Father filed preliminary objections on May 28, 2021, arguing that the trial court no longer had jurisdiction over the case because the child had been residing in Maryland for the past nine months. The trial court issued an order on June 3, 2021, enforcing grandparents' in-person visitation rights and recognizing that the prior temporary orders were given effect only so long as COVID-19 travel restrictions were in place. The trial court further ordered that Father's preliminary objections would be heard on August 11, 2021.

---

[1] The title of the petition indicated that grandparents sought "special relief and modification of custody." However, in substance, grandparents were clearly seeking to have the trial court enforce their established right to in-person custody because the COVID-19 travel restrictions had eased.

Father moved for reconsideration of the trial court's June 3, 2021 order, reiterating his argument that the trial court lacked jurisdiction. Grandparents filed a response to Father's preliminary objections, and while a ruling was still pending on the preliminary objections and the motion for reconsideration, Father appealed the June 3, 2021 order. This interlocutory appeal was docketed at case number 894 MDA 2021.[2]

Subsequently, grandparents filed an amended petition for contempt and enforcement of the underlying custody order on June 17, 2021. They asserted that this amendment made Fathers' preliminary objections to the original petition moot. On June 29, 2021, the trial court dismissed Father's preliminary objections, finding that they were rendered moot by the filing of grandparents' amended petition and because Father had not timely filed a notice of presentment, as was required by York County Rules of Procedure 208.3(a) and 1915.5 to have the preliminary objections heard by the trial court.[3] The trial court reasoned that no objections were pending on June 29, 2021, because by that time, Father had still not cured his procedural error.

_____

[2] Father moved for reconsideration of the June 3, 2021 order and the motion was denied on June 29, 2021, the same date on which the trial court dismissed Father's preliminary objections to grandparents' petition.

[3] To clarify, Father's preliminary objections logically could *not* have been rendered moot by grandparents' amended petition. The trial court found that grandparents' amended petition was itself moot, and the scheduled hearing on Father's preliminary objections had not yet taken place. ***See*** Trial Court Order, 6/29/2021 at Paragraphs 1-2. Moreover, the trial court
*(Footnote Continued Next Page)*

Grandparents' amended petition was also dismissed as the trial court determined that the relief sought had already been granted pursuant to the June 3, 2021 order. These dismissals were entered on June 29, 2021, a date within the 20-day window in which Father could file preliminary objections to grandparents' amended petition.

Father appealed the June 29, 2021 order and the appeal was docketed at case number 1022 MDA 2021. Both of Father's two related appeals were consolidated for purposes of briefing and disposition.[4] The latter of the two appealed orders, dated June 29, 2021, is the final order adjudicating the parties' respective custody rights.

Father now argues in his appellate brief that the orders on review must be vacated for four related grounds, all of which concern the scope of the trial court's authority in the subject custody proceedings:

> 1. Whether the [trial] court committed an error of law in granting [grandparents'] request for modification when it lacked exclusive ongoing jurisdiction under 23 Pa.C.S. § 5422?
>
> 2. Whether the [trial] court committed an error of law in modifying the *status quo* custody order without affording

_(Footnote Continued)_ ————————————

dismissed grandparents' amended petition before the time had expired for Father to file new preliminary objections to the amended petition. Ostensibly, the trial court eliminated the procedural vehicles in which Father could file preliminary objections.

[4] As to Father's appeal in case number 1022 MDA 2021, the trial court ordered Father to clarify his statement of issues and an amended statement was filed. The trial court then filed a 1925(a) opinion outlining the reasons for its ruling. **See** 1925(a) Opinion, 8/4/2021.

[Father] his constitutional procedural due process of notice and opportunity to be heard?

3. Whether the [trial] court committed an error of law in overriding [Father's] fundamental rights as a parent with sole legal custody to determine the appropriateness of physical contact with his minor child and other relatives during a global pandemic?

4. Whether the [trial] court committed an error of law by dismissing an amended petition for contempt and enforcement, prior to expiration of the time allotted under Pa.R.C.P. 1028(f) to file other objections?

Appellant's Brief, at 8 (suggested answers and some punctuation omitted).

**II.**

As a preliminary matter, we note that Father properly appealed the trial court's June 29, 2021 order, which was final and appealable because it resolved all the claims of the parties and concluded the proceedings in the case. **See** Pa.R.A.P. 341 (b)(1). Conversely, Father's earlier appeal of the trial court's June 3, 2021 custody order was non-final and not immediately appealable. **See id**.; **see also G.B. v. M.M.B.**, 670 A.2d 714 (Pa. Super. 1996). The appeal docketed at case number 894 MDA 2021 is, therefore, quashed.

Moving to the merits, Father's first appellate issue concerns whether the trial court had authority to grant grandparents' petition. He argues that the trial court lacked subject matter jurisdiction because the child resided in

Maryland and not Pennsylvania at the time the most recent custody order was entered.[5]

We find that Father's jurisdictional argument has no merit. The Uniform Child Custody and Jurisdiction Enforcement Act provides in pertinent part that a Pennsylvania trial court which has made an initial custody determination will retain jurisdiction to modify and enforce its order until:

> a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth **and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships**[.]

23 Pa.C.S. § 5422(a)(1) (emphasis added).

In the present case, the child resided in York County, Pennsylvania until August 2020. This case has been litigated in that forum since 2014, and the parties agree that the trial court had jurisdiction at the inception of the case. **See** 23 Pa.C.S. § 5422, Uniform Law Comment ("Jurisdiction attaches at the commencement of a proceeding."). Father and grandparents

_____

[5] "It is hornbook law that 'as a pure question of law, the standard of review in determining whether a [trial] court has subject matter jurisdiction is *de novo* and the scope of review is plenary.'" **S.K.C. v. J.L.C.**, 94 A.3d 402, 406 (Pa. Super. 2014) (quoting **Beneficial Consumer Disc. Co. v. Vukman**, 77 A.3d 547, 550 (Pa. 2013)) (citation omitted). "[W]hen discussing our standard of review in other cases arising under [23 Pa.C.S. § 5422], we have often stated that 'this Court will not disturb a decision to exercise or decline jurisdiction absent an abuse of discretion by the trial court.'" **S.K.C.**, 94 A.3d at 406 (quoting **Billhime v. Billhime**, 952 A.2d 1174, 1176 (Pa. Super. 2008)) (citation omitted).

were bound by the stipulated terms of the custody order entered by the trial court on July 17, 2018.

On December 11, 2020, grandparents' in-person custody rights were temporary suspended only so long as the travel restrictions relating to COVID-19 remained in effect. *See* Trial Court Order, 12/11/2020, at 2-3. On June 3, 2021, and June 29, 2021 (after those interstate travel restrictions were halted), the trial court enforced the July 17, 2018 custody order as the subsequent interim orders restricting in-person visits had effectively lapsed. This judicial action merely removed temporary restrictions on grandparents' custody rights, giving full effect to the custody order of July 17, 2018.

Although neither Father nor H.H. reside in Pennsylvania, the record is abundantly clear that there is substantial evidence available in this Commonwealth concerning the child's care, protection, training and personal relationships. Father has not disputed this point, as his jurisdictional argument hinges solely on the fact that he and the child no longer reside in Pennsylvania. The plain language of 23 Pa.C.S. § 5422(a)(1) affords continuing exclusive jurisdiction to the trial court with original jurisdiction unless the residency *and* substantial evidence prongs are both satisfied. ***See generally Rennie v. Rosenthol***, 995 A.2d 1217, 1220-21 (Pa. Super. 2010).

Because the conditions required to divest the trial court of jurisdiction were not established, much less disputed as to the substantial evidence prong, the trial court did not err in finding that it had retained continuing, exclusive jurisdiction to enforce or modify its previous custody order. **See S.K.C. v J.L.C.**, 94 A.3d 402, 411 (Pa. Super. 2014) (quoting **Rennie v. Rosenthol**, 995 A.2d 1217, 1220-21 (Pa. Super. 2010) ("Pennsylvania will retain jurisdiction as long as a significant connection with Pennsylvania exists or substantial evidence is present.")); **Favacchia v. Favacchia**, 769 A.2d 531 (Pa. Super. 2001) (same).

## III.

Father's second argument is that the trial court violated his due process rights by entering the June 29, 2021 order without giving Father a prior opportunity to assert his jurisdictional challenge, which was the sole ground in his preliminary objections to grandparents' petition.[6]  We find that this claim has no merit.

On May 28, 2021, Father filed preliminary objections to grandparents' petition for modification and contempt.  The trial court recognized and reaffirmed grandparents' right to in-person visitation on June 3, 2021, but grandparents filed an amended petition on June 17, 2021, well before

---

[6] Father has proffered no additional preliminary objections he would have made to grandparents' amended petition.

August 11, 2021, the scheduled date on which Father's preliminary objections would be heard. Grandparents' amended petition, along with Father's preliminary objections and motion for reconsideration, were dismissed on June 29, 2021. The August 11, 2021 hearing was cancelled.

While we agree with Father that his preliminary objections should not have been treated as moot, the trial court's finding of mootness did not deprive Father of due process or an opportunity to be heard. The only ground asserted in Father's preliminary objections was that the trial court lacked jurisdiction, and the trial court considered the merits of that argument in its 1925(a) opinion. *See* Trial Court Opinion, 8/4/2021, at 4-8. Father had raised the same jurisdictional issue in his motion for reconsideration of the June 3, 2021 order, and the trial court found no merit to the claim.

Additionally, we have also considered the merits of that issue in the previous section above and found that the trial court did not err. It is irrelevant that the trial court ruled before holding the August 11, 2021 hearing because, in an enforcement action like the one here, a hearing or an express ruling on jurisdiction is not required; the trial court only has to determine as a matter of law "whether the [custody] decree was valid when entered and never modified [in another forum]." *See Shaw v. Shaw*, 719 A.2d 359, 360 (Pa. Super. 1998) (quoting *Taylor v. Taylor*, 480 A.2d 1188, 1190 (Pa. Super. 1984)). Thus, while the trial court may have erred in the

manner that it dismissed Father's jurisdictional challenge, any such error was harmless.[7]

## IV.

Father's third argument is that the trial court's June 29, 2021 order deprived him of his statutorily protected right to make medical decisions on behalf of the child. According to Father, it is his right to unilaterally preclude grandparents' in-person visits, regardless of the terms of the trial court's custody orders, because he is entitled to make such medical decisions on behalf of the child.

We find that this claim is not preserved for purposes of appeal. Father did not raise it in his preliminary objections or in his motion for reconsideration. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). The novel

---

[7] Father seems to argue in his brief that the trial court had to hold an evidentiary hearing on his jurisdictional claim because the July 17, 2018 custody order was being modified and not simply enforced. **See Shaw v. Shaw**, 719 A.2d 359, 360 (Pa. Super. 1998) (distinguishing "modification jurisdiction," which requires consideration of evidence, and "enforcement jurisdiction," which does not). Yet the record does not support this interpretation. Grandparents were petitioning the trial court to enforce the visitation terms of prior custody orders from 2018. Father does not dispute that grandparents' right to in-person custody was only temporarily limited for as long as COVID-19 restrictions were in place. These restrictions were lifted at the time the trial court entered its orders on June 3, 2021, and June 29, 2021. Since this appeal concerns the trial court's jurisdiction to enforce its custody orders and there was no issue of fact calling for the presentation of evidence, a hearing on the trial court's enforcement jurisdiction was not needed. **See id**.

issue was raised for the first time in Father's 1925(b) statement, by which time the issue had long been waived.

**V.**

Father's final argument is that the trial court abused its discretion by prematurely dismissing grandparents' amended petition before Father's time to make preliminary objections had expired. He claims that had he been given the full amount of time afforded by the procedural rules, he would have filed preliminary objections to grandparents' amended petition and challenged the trial court's jurisdiction.

Father correctly notes that under Pa.R.C.P. 1028(c)(1), he had 20 days from the date that grandparents filed their amended petition to submit new preliminary objections. By operation of that rule, the filing of the amended petition rendered moot Father's preliminary objection to the original petition. *See* Pa.R.C.P. 1028(c)(1) ("If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot.").

Here, the trial court erred by depriving Father of an opportunity to assert preliminary objections to grandparents' original petition and amended petition. Father's preliminary objections were found moot after grandparents filed an amended petition, but Father was not then given 20 days to file new preliminary objections to the amended petition. The trial court attempted to defend its ruling by pointing to local procedural rules

concerning presentment, reasoning that Father failed to schedule a hearing or file a notice as to when the hearing would be heard at the court's motions calendar.

The trial court appears to overlook that at the time the disputed dismissals were entered, Father's original preliminary objections had been scheduled to be heard on August 11, 2021. York County Rule of Procedure 208.3(a) requires a party to give the trial court and other parties notice of a hearing at least five days prior to its scheduled date. The trial court dismissed Father's preliminary objections weeks before the hearing was to take place, so the time in which Father had to comply with the presentment rule had not yet elapsed. Nevertheless, despite the trial court's procedural error, we find that no relief is due.

It is critical that Father's only complaint on appeal is that the timing of the trial court's rulings deprived him of the chance to assert a jurisdictional challenge. Regardless of that questionable timing, Father's jurisdictional argument was considered – and rejected – by the trial court, which explained in its 1925(a) opinion that, as a matter of law, it had retained jurisdiction to enforce its earlier custody orders in the case. *See* Trial Court Opinion, 8/4/2021, at 4-8.[8]

---

[8] Pa.R.C.P. 1028(c)(2) requires the trial court to consider evidence when ruling on a preliminary objection that raises an issue of fact. However, Father has not raised any specific issues of facts as to the substantial
*(Footnote Continued Next Page)*

After reviewing that discrete legal issue, we likewise conclude that the trial court did not abuse its discretion in this regard. As discussed above, this appeal arises from an enforcement action, which does not require an evidentiary hearing. Moreover, Father did not dispute that substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships, affording the trial court continuing, exclusive jurisdiction under 23 Pa.C.S. § 5422. Accordingly, because Father cannot articulate how the trial court's procedural error caused him prejudice, the error was harmless and the trial court's custody order must stand. **See Century Nat. Bank & Tr. Co. v. Gillin**, 534 A.2d 518, 520 (Pa. Super. 1987) ("In this case we find the action of the trial court to have been premature. This procedural error was not prejudicial to the interests of appellant and was, therefore, harmless.").

_(Footnote Continued)_ ———————

evidence prong of 23 Pa.C.S. § 5422(a)(1), thereby waiving objection to the continuing, exclusive jurisdiction of the trial court to enforce its custody order. **See generally Rennie v. Rosenthol**, 995 A.2d 1217, 1220-21 (Pa. Super. 2010).

Appeal quashed at docket number 894 MDA 2021. Order affirmed at docket number 1022 MDA 2021.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2021